# Sayre *v.* Weil.

*Action on Promissory Note, by Assignees against Maker.*

1. *Trial by court without jury; revision of judgment on appeal.*—When a case is, by agreement of the parties, submitted to the decision of the court without a jury (Code, §§ 2743–45), and a special finding of the facts is made by the court, either *ex mero motu* or on request, and a bill of exceptions reserved, this court will, on appeal, examine and determine whether the facts are sufficient to support the judgment.

2. *Deposit of money in savings-bank, as gift, or executed trust.*—When money is deposited in a savings-bank in the name of the depositor as trustee for his infant grand-children, making weekly deposits for a series of years, drawing out nothing, and intending the money as a gift to the children, a perfect trust in their favor is created, leaving only the legal title in the depositor; and if he draws drafts on the deposit as trustee, the bank may safely pay them without inquiry as to the intended use of the money; but, if he directs the appropriation of the money to the payment of his individual debt to the bank, and the appropriation is so made, while the transaction is valid as between him and the bank, the latter remains liable to the children, unless they elect to ratify such unauthorized application of their money.

3. *Deposit by husband, in name of wife.*—If the husband deposits money in a savings-bank in the name of his wife, with the under-

[Sayre v. Weil.]

standing that he is to draw against it in his own name, and he does so draw from time to time, with the knowledge and consent of his wife, he may direct the appropriation of the money to the payment of his own debt to the bank; and this appropriation being made, and ratified by the wife, the husband's debt is satisfied to that extent, as between him and the bank.

4. *Estoppel against assignor; operation as against assignee.*—A trustee appointed in a deed of assignment for the benefit of creditors, acquires and can assert no other or greater rights than the assignor himself possessed; and if the assignor was barred or estopped from prosecuting a claim, the assignee is equally barred and estopped.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by H. A. Sayre, S. M. Levin and R. B. Snodgrass. trustees in a deed of assignment executed by Moses Brothers for the benefit of their creditors, against David Weil; and was founded on the defendant's promissory note or $1,613.32, which was dated 7th February, 1891, and payable four months after date; to the order of Moses Brothers, at their office in Montgomery. The defendant pleaded, in short by consent, (1) payment, (2) set-off, and (3) that plaintiffs were estopped from asserting that he owed the debt to Moses Brothers. By agreement in writing. the cause was submitted to the decision of the court without a jury, but without any stipulation as to a special finding of the facts, and the court thereupon rendered the following finding and judgment:

"The court finds that prior to the 3d of July, 1891, the defendant deposited in the banking-house of Moses Bros., of which firm plaintiffs are the assignees, to the credit of 'D. Weil, trustee for the Goldman children,' the sum of $1038,42, which said sum was still on deposit on said 3d of July, 1891; that there was also on deposit on that day to the credit of Rosina Weil, the wife of said defendant, the sum of $1,668.78, which had been placed in said bank by him; that no one but defendant drew checks on the account of Rosina Weil, and he had frequently done so in her name, with. the knowledge and consent of said Moses Bros. and said Rosina; that on the 7th of February, 1891, the defendant was indebted to said Moses Brothers in the sum of $2,000, and paid said debt by executing the note now sued on, and transferring from the account of Rosina Weil enough money to pay the balance; that on said 3d of July, 1891, the defendant and Moses Bros., through H. C. Moses, a member of that firm, agreed that the $1038.42 to the credit of D. Weil, trustee of the Goldman children, should be applied to the payment of said note, and that the balance due on it should be charged to the account of Rosina Weil, and the whole note be thus paid; and that Rosina Weil afterwards ratified this agreement. The court

[Sayre v. Weil.]

finds, also, that defendant is solvent, and was solvent on said 3d of July, 1891. The court holds that said agreement between defendant and Moses Bros. was valid and binding, and that plaintiffs can not recover in this suit."

The bill of exceptions sets out all the evidence introduced, consisting only of the testimony of the defendant himself and of H. C. Moses, which was the same as to the facts found by the court. Moses stated, also, that Weil came into their office after business hours on the evening of July 3d, when their cashier was absent, and the entries of the transaction were not made on their books on that account; that they then expected to open their doors as usual on the next morning, which was Saturday, having been promised a loan of money by the other banks in the city; but they never opened their office again, and on the ensuing Monday, July 6th, made an assignment for the benefit of their creditors. He further stated that, acting under the advice of their attorney, no entry of the transaction was made on their books, but a memorandum of it was indorsed on the note, and the assignees were informed of the facts.

The judgment of the court is assigned as error.

TOMPKINS & TROY, and HORACE STRINGFELLOW, for appellants.—(1.) The deposit of money by Weil in his own name, as trustee for the Goldman children, was clearly a declaration of trust in their favor; and though he retained the control as trustee, he could not revoke the trust.—1 Perry on Trusts, §§ 96, 99, 104; *Martin v. Funk*, 75 N. Y. 134; *Boone v. Citizen's Savings Bank*, 84 N. Y. 83; *Macy v. Williams*, 55 Hun, 489; *Gadsden v. Whaley*, 14 S. C. 210; 8 Amer. & En. Encyc. Law, 1323; *Wimbish v. B. & L. Association*, 69 Ala. 575. (2) Holding the money as trustee, the appropriation of it to the payment of his own debt was a clear breach of trust, and he can not set it up in defense of an action on his debt.—*Swoope v. Trotter*, 4 Porter, 39; *Wollfe v. State*, 79 Ala. 201; *Nat. Bank v. Insurance Co.*, 104 U. S. 54; *Duncan v. Jordan*, 15 Wall. 165; *Williams v. Higgins*, 69 Ala. 523. (3.) The deposit by Weil in the name of his wife was a complete gift to her, and her assent to it will be presumed.— *Walker v. Crews*, 73 Ala. 416; *Howard v. Goodell*, 40 Vt. 597; *Truss v. Davidson*, 90 Ala. 359. The appropriation of the money to the payment of Weil's debt was not a disposition authorized by law, and passed no title to the money to Moses Bros.—*Stout v. Kinsey*, 90 Ala. 545; *Burns v. Campbell*, 71 Ala. 290. (4.) The agreement between Weil and H. C. Moses was executory merely, and was never consummated in fact.

WATTS & SON, *contra.*—(1.) What passed between defendant and H. C. Moses would have amounted to a payment and discharge of the note, or presented a good defense to an action on it by Moses Brothers, if defendant had then had the money standing to his own individual credit on the books of the bank.—*Harrison v. Hicks,* 1 Porter, 433; *Lowry v. Murrell,* 2 Porter, 280; *Trotter v. Crockett,* 2 Porter, 401; *Fulford v. Johnson,* 15 Ala. 385; *Shaw v. Br. Bank,* 16 Ala. 708; *Ross v. Pearson,* 21 Ala. 473; *Prater v. Stinson,* 26 Ala. 456; *Bank v. Taylor,* 41 Ala. 93; *Myatts v. Bell,* 41 Ala. 222; *Brassell v. Williams,* 51 Ala. 349; *Wilkinson v. Bradley,* 54 Ala. 677; *Thompson v. Day,* 65 Ala. 273; *Whitley v. Dunham Lumber Co.,* 89 Ala. 447; 1 Wait's Actions & Defenses, 503–4. The failure to surrender the note does not vary the legal effect of the transaction. *Bradley v. Graves,* 46 Ala. 277. (2.) The money standing to the credit of Mrs. Weil was not a deposit made by her, nor was it derived from her earnings and savings; and therefore section 1530 of the Code does not apply to it. If it was hers, it became so by the deposit in her name by her husband; and it is necessarily governed by the statutes regulating the separate estates of married women. Husband and wife may dispose of her personal property by parol.—Code, § 2348. Having the power to dispose of the money as they pleased, they might have directed the appropriation of it to the debt of the husband; and her subsequent ratification of her husband's act gives it the same validity. She only could be injured by the appropriation, and no one else can complain of it.—*Bullock v. Vann,* 87 Ala. 372. (3.) As to the money deposited by Weil in his own name, as trustee for the Goldman children, there was no valid gift, perfected by delivery, nor any executed trust, but a mere declaration of intention, which conferred no vested rights.—*Sims v. Sims,* 2 Ala. 177; *Durett v. Sewall,* 2 Ala. 669; *Walter v. Tims,* 7 Ala. 470; *Blakey v. Blakey,* 9 Ala. 391; *Hunley v. Hunley,* 15 Ala. 91; *Bryan v. Ingram,* 16 Ala. 116; *Stallings v. Finch,* 25 Ala. 518; *Shaw v. White,* 28 Ala. 637; *Ivey v. Owens,* 28 Ala. 641; *Walker v. Crews,* 73 Ala. 412; *Kinnebrew v. Kinnebrew,* 35 Ala. 628; *Hunter v. Bibb,* 79 Ala. 351; *Brabrook v. Savings Bank,* 104 Mass. 228; *Clark v. Clark,* 108 Mass. 522; *Nutt v. Morse,* 142 Mass. 1; *Scott v. Savings Bank,* 140 Mass. 157; *Sherman v. Savings Bank,* 138 Mass. 581; *Pope v. Burlington,* 56 Vt. 284; *Broderick v. Waltham,* 109 Mass. 149; *Davis v. Savings Bank,* 53 Mich. 163; 72 Maine, 140; 61 N. H. 131; 70 N. Y. 212; 43 Hun, N. Y. 528; 47 N. J. Eq. 352; 48 Md. 550; 52 Conn. 398. (4.) The

plaintiffs are not purchasers for value, but succeed only to the rights of Moses Bros., their assignors; and they can not maintain any action which their assignors could not have maintained.

COLEMAN, J.—By written agreement of the parties, filed as provided in section 2743 of the Code, the case was tried and determined by the court without the intervention of a jury. Under the following section (2744), the finding of the court may be general or special, unless the parties, or either of them, in writing, request a special finding of the facts; and if a special finding is requested, the court must state in writing the facts as it finds them, and such statement, with the judgment of the court, must be entered on the minutes. Construing sections 2744 and 2745 together, we hold that whenever there is a special finding by the court, whether performed in the exercise of its discretion, or upon written request of the parties or either of them, on appeal it is the duty of this court to examine and determine whether the facts are sufficient to support the judgment.—85 Ala. 594; *Betancourt v. Eberlin*, 71 Ala. 464.

The first legal proposition for consideration is the one which arises in regard to the deposit for the "Goldman children." The defendant Weil testifies as follows: "I had another account with Moses Bros.: 'D. Weil, trustee for the Goldman children.' There was $1,038.42 to the credit of that account on the 3d day of July, 1891. I had deposited the money there, from time to time, for my grandchildren, the Goldman children, ever since they were born—for the last ten or fifteen years. I put it there as a gift to them, every week, so when they grew up they would have something to fall back upon." The same principles of law as to gifts *inter vivos* apply in cases of gifts of money deposited in bank, as to other personal property. The donor must part with all dominion over the thing given. There must be a delivery, or something equivalent thereto. If anything remains to be done to perfect the gift; if there be a reservation of the use or enjoyment of the thing, it is not a valid executed gift. *Walker v. Crews*, 73 Ala. 417. A donor may constitute himself a trustee for the donee, upon a mere voluntary consideration; and in case of personal property, this may be done by parol. If by language clear and unmistakable, whatever may be the form of expression, a trust is created, as distinguished from a mere intention to create, if nothing remains to be done to perfect the trust, although there is no valuable consideration, courts of equity will uphold and en-

force the trust, in the interest of the beneficiary.—1 Perry on Trusts, §§ 96–98; 8 Am. & Eng. Encyc. Law, p. 1323; *Gerrish v. New Bedford Institution for Savings*, 128 Mass. 160. These general principles are almost universally conceded. The difficulty arises in their application to the varying facts of particular cases—in determining whether, in the case of a gift, it has been perfected; and in the case of a trust, whether it has been perfectly created. We have examined many authorities on the question at issue, and it would seem in some of the authorities that the same rule has been differently applied to a similar state of facts; but in each case the general rule as we have stated it has been recognized as the correct rule.

In *Nutt v. Morse*, 142 Mass. 1, Calvin Morse made deposits as follows: "Book 3,006, $1,000, Calvin Morse, in trust for Rus Morse;" "Book 3,007, $1,000, Calvin Morse, in trust for Edgar S. Hays;" and similar deposits were made for other persons, brothers and sisters of the depositor. The court held that, upon the facts, it was clear that there was no perfected gift to either of the claimants. The court uses the following language: "Calvin Morse retained the entire dominion and control of the funds, both principal and interest, during his life, and the facts show conclusively that he intended no title to, or interest in the funds, should pass to the several claimants until after his death. The transaction was intended to be in the nature of a testamentary disposition, and was an attempted evasion of the statute of wills." Citing *Sherman v. New Bedford Savings Bank*, 138 Mass. 581.

The statement of the evidence in the case cited shows that the depositor informed the claimants that he controlled the funds while he lived, but it was theirs after he died; that in fact he did draw and use the accumulations of interest, and the night before he died said to them, "When I am gone, you take these books and transfer the money to your names, and say nothing to nobody about it." It further appears that Calvin Morse, the depositor, knew at the time he made the deposits that he could not draw interest on any sum deposited in his own name over $1,000; and we infer the court found in this case, as is declared in other cases of the same State, that to avoid the effect of the statute, which forbade the payment of interest on sums exceeding $1,000, the depositor deposited money in the names of other persons.

It will be further seen by an examination of the facts in the case in 138 Mass. 581, *supra*, that by a by-law of the bank money deposited "should be drawn out only by the depositor, or some person by him legally authorized, and that no pay-

ment should be made to any person without the production of the pass-book." In the case cited from 142 Mass., *supra*, the depositor retained control of the pass-book, and this fact is referred to in the opinion. There are quite a number of authorities in the Massachusetts Reports, where deposits were made in the name of other persons, the depositor retaining the pass-book, and the deposits were claimed by the persons in whose names they were made, as gifts; in which it was held that the gifts were not absolute, and the money did not pass to the claimants. The fact that the depositor retained control of the pass-book, and that by virtue of the by-law no payment should be made without the production of the pass-book, was considered as evidence to show the depositor did not intend to part with dominion over the money. The question of the intention of the depositor is a question of fact open to inquiry, and his acts and declarations at the time of the deposit, or to the person in whose name it was made, could be considered.—*Sherman v. New Bedford Savings Bank*, 138 Mass. 581; *Brabrock v. Boston Savings Bank*, 104 Mass. 228; *Scott v. Berkshire County Savings Bank*, 140 Mass. 165; *Broderick v. Savings Bank*, 109 Mass. 150.

In the case of *Gerrish v. New Bedford Savings Bank*, 128 Mass. 159, A made a deposit in trust for his son by name, and also a deposit for his grand-children by name. The court recognized the rule, that it was not enough that the testator manifested an intention to create the trust and make the gift at some future time, but that the act of transfer must be fully and completely executed. The court further held that it was a question of fact whether the trust has been perfectly created; that when the trust is thus created, it is effectual to transfer the beneficial interest, and operates as a gift perfected by delivery. The son and grand-children offered to prove the declarations of the depositor, "that he had put the money in the bank for them, and that after he was gone they were to have the money." This evidence was excluded. On appeal it was held, that this evidence should have been admitted; a majority of the court holding that, upon the evidence admitted, a jury would be justified in finding that the testator had fully constituted himself a trustee for these claimants.

The rule has been much more liberally applied in favor of a donee in the State of New York. In the case of *Macy v. Williams*, 55 Hun, 487, a deposit was made in a savings-bank, the depositor receiving a pass-book containing an account opened with him as trustee for Eleanor Hildich. The

[Sayre v. Weil.]

pass-book for a considerable time was left with the mother of Eleanor Hildich, but subsequently obtained by the depositor. He drew out all the money, and died. It was held that the trust relations were fully established, and that when he drew the money out he held it as her trustee, and was liable to account to her for it.

The case of *Orr v. McGregor*, 50 Hun, 529, was one in which the deposit was made in the name of another than the depositor. The question was one of gift *vel non*. The court held that a deposit of one's own money in a savings-bank, to the credit of another, without any qualification expressed at the time, is of itself *prima fiacie* evidence of a gift, yet an intent to the contrary may be shown; that the retention of the pass-book by the depositor was a fact to be considered, with other attending circumstances, in ascertaining the intent. The court states the proposition broadly, that if the depositor intended by the act of deposit to give him the money, his right to it became complete, although she retained the pass-book; that she would be deemed to have held it in trust for him; but, if her intention was not to consummate the gift, and that with that view she retained the pass-book, the act of donation was not accomplished, but rested in intention to complete the gift at some future time.

In the case of *Martin v. Funk*, 75 N. Y. 136, in a well considered opinion delivered by Church, Ch. J., it was held that "the rule does not require that the gift shall be made in any particular way; it only requires that enough shall be done to transfer the title to the property, and one of the modes of doing this is by an unequivocal declaration of trust. . . . . As notice to the *cestui que trust* was not necessary, and as the retention of the pass-book was not inconsistent with the completeness of the act, the case is peculiarly one to be determined by this test Did the intestate constitute herself a trustee? I think," says the Chief Justice, "the question must be answered in the affirmative. It was not done in express terms, but such is the fair legal import of the transaction." The entry in the pass-book in this case was as follows : "The Citizens Savings Bank, in account with Susan Boone, in trust for Lillie Willard, 1866, March 23, $500.00."

In *Miner v. Rogers*, 40 Conn. 512 (16 Am. Rep. 69), the deposit was as follows : "*Mary* Daniels, as trustee of William A. Minor." It was held that the deposit was a complete gift; that the depositor could not revoke it. This case is cited by our own court in the case of *Walker v. Crews*, 73 Ala. 418, in support of the proposition, that "a donor may, by an apt declaration to that effect, convert himself into a

trustee for the donee, and thereby make a valid, irrevocable gift of the property." To the same effect may be cited *Boone v. Citizens Bank*, 84 N. Y. 86; *Gadsden v. Whaley*, 14 So. Car. 216.

In the case under consideration, the deposit, as shown by the testimony, was, "D. Weil, trustee for the Goldman children." Says the depositor: "I put it there as a gift to them, every week, so when they grew up they would have something to fall back on." He had continued making these deposits for ten or fifteen years, and had never drawn against this deposit. Under all the authorities, we hold that the trust was completed and irrevocable, and that nothing remained in the trustee but a mere naked legal title. We hold the law to be, that a deposit is a matter of contract between the depositor and the bank, and the depositor may stipulate at the time as to the manner or by whom (there being no statute or by-law to the contrary) the money may be drawn out; and when payment is thus made, the bank is discharged from further liability. We further hold, that if D. Weil as trustee had drawn against this fund in his trust character, Moses Brothers were under no legal duty to inquire into the purposes intended, or the use to be made by the trustee of the money; and if his drafts were paid in ignorance of any improper use intended by the trustee, they would not be responsible; that payment of such drafts would be in due course of banking business, and discharge them from liability. When, however, D. Weil proposed to apply this trust money in satisfaction of his own individual indebtedness, Moses Bros. knew that the funds were trust funds, and that the proposition involved a violation of his trust. Such an agreement can not be upheld against the *cestui que trust*. The *cestuis que trust* may afterwards ratify such unauthorized application of the trust fund, and hold Weil responsible, or they may repudiate the payment *in toto*, and hold Moses Bros. as their debtors. These principles are fully sustained by reason and authority.—*National Bank v. Insurance Co.*, 104 U. S. Rep. 61; *Wolffe v. State*, 79 Ala. 206; *Duncan v. Jordan*, 15 Wall. 165.

As between the trustee, Weil, and Moses Bros., however, a different rule applies. The trustee, Weil, can not sue Moses Bros. for this deposit. He held the legal title to the money, and by his own act has applied the money in payment of his own indebtedness. Neither can Moses Bros. sue Weil upon his debt, for they have accepted the funds, and applied them in payment of their claim against Weil. Such an agreement is binding upon the parties to it. It may be avoided at the election of the *cestui que trust*. It rests upon the principle

which applies where an administrator or executor makes an unauthorized disposition of personal property.— *Woods v. Legg*, 91 Ala. 513; *Swink's Adm'r v. Snodgrass*, 17 Ala. 657. We do not doubt that the agreement between D. Weil and Moses Bros. operated to destroy the relation of debtor and creditor as between them. Weil directed the application of the trust money to his individual debt. This was agreed to by Moses Bros. The cashier was at that time absent. Moses Bros. agreed to have the proper entries made as soon as the cashier returned, and to deliver Weil his note. The entry of the credits by the cashier would only have furnished written evidence of the fact of payment. The payment, however, was completed by the agreement of the parties.

We do not think there is any difficulty in regard to the deposit by Weil in the name of his wife, Rosina Weil. The uncontradicted evidence shows that D. Weil had the right to draw on this fund. We have stated that any person making a deposit of his own money could prescribe the time and manner upon which it could be drawn out. The testimony shows, that "it was understood between the depositor and Moses Bros. that he could check on that fund," referring to the fund to the credit of Rosina Weil. It seems that D. Weil had been accustomed to check on that fund, but that the wife had never checked against it. She knew her husband controlled it, and never dissented from the exercise of such authority. In fact, when informed by her husband of his disposition of the fund, she assented to, and ratified it. She is the only person who can complain, and until she dissents, no other person has the right to interpose an objection. It appears from the testimony in the record that when Weil made the arrangement with Moses Bros. he did not know, and had no reasonable grounds for believing, that Moses Bros. were financially embarrassed, or contemplated an assignment for the benefit of their creditors. The deposits in this case to the credit of the wife are not governed by section 1530 of the Code, in which special provision is made that deposits by a married woman or minor, of her or his earnings, shall be paid only to such married woman or minor; nor does the rule of law arise which was declared in *Stout v. Kinsey*, 90 Ala. 546, where the wife sued in detinue to recover a mule, which the husband had sold in payment of his individual debt.

The authorities in this State uniformly hold, that an assignee is invested with no higher or more extensive authority and powers than the assignor. In all cases of assignment for the benefit of creditors, whenever it is shown that the assignor could not maintain a suit, his assignee is equally concluded.

[Sayre v. Westcott.]

We are very clear that Moses Bros. could not maintain the present suit against D. Weil upon his note, and his assignees are equally concluded.— *Walker v. Miller*, 11 Ala. 1067; *Granger's Life & Health Ins. Co. v. Kamper*, 73 Ala. 346.

We have considered all the issues presented in argument and briefs of counsel. Our conclusion leads to an affirmance of the case.

Affirmed.