[*Ex parte* Colley *et al.*]


# *Ex parte* Colley *et al.*

## *Petition for Mandamus.*

1. *Mandamus; can not be resorted to for purpose of directing particular judgment.*—While *mandamus* may issue in a proper case to compel an inferior court to hear and decide a controversy of which it has jurisdiction, such a writ cannot be issued for the purpose of directing the court what particular judgment it should render in a pending case.

2. *Contempt; when not shown by failure to pay costs in suit as ordered by court.*—Where, in a pending suit the trial court on motion stays the further proceedings until the plaintiff therein pays the costs, the plaintiff is given until the next term of the court to comply with the order; and at the next term of the court, upon the plaintiff having failed to comply with such order by paying the costs, the cause is dismissed; and the failure of such plaintiff to pay the costs can not be construed as a contempt of court.


The proceedings in this case were instituted by the petitioner filing an original petition for *mandamus,* addressed to the Judges of the Supreme Court, asking for the issuance of a writ of *mandamus* addressed to Hon. John P. Hubbard, Judge of the Twelfth Judicial Circuit.

The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.


FOSTER, SAMFORD & CARROLL, for petitioner.—When the costs of a former suit are ordered paid, by a certain time, if not paid, suit may be dismissed for the contempt. *Brown v. Brown,* 81 Ala. 508; *Burgess v. Am. Mortg. Co.,* 119 Ala. 669.

A person guilty of a contempt is not entitled to be heard in the court while so in contempt.—*Jacobi v. Goetter,* 74 Ala. 427; 10 Century Dig., p. 2630, § 261.

13

*[Ex parte Colley et al.]*

BRANNEN & GARDNER, *contra.*—Each court is the *sole* judge of what is a *contempt,* and its decision with reference thereto is not revisable by higher courts.—*Ex parte Pierce,* 111 Ala. 99; 113 Ala. 323.

The office of a *mandamus* is to compel an inferior court to take action, and not to direct what action shall be taken in a matter involving the exercise of discretion. It has none of the properties of a writ of error; the court may be compelled to entertain jurisdiction, but will not be controlled in the manner of its exercise, nor directed as to what judgment shall be rendered.—*State v. Hamil,* 97 Ala. 107; *State v. Williams,* 69 Ala. 311; *Davidson v. Washburn,* 56 Ala. 596; *Ex parte Schmidt,* 62 Ala. 252; and other authorities collated in 1 Mayfield's Digest, p. 605.

HARALSON, J.—B. B. Childers on the 5th of February, 1903, brought an action of ejectment in Pike county circuit court against the petitioners, J. N. Colley and others, defendants below. The defendants made a motion that the cause be dismissed, on the ground, that the plaintiff was in contempt, in having failed to pay the costs in a former ejectment suit for the same lands. The motion having been heard and considered by the court, was overruled and denied, and the defendants seek by *mandamus* to compel the court to dismiss the cause.

The copy of the order relied on by the petitioners is as follows: "On this, August 23, 1898, motion is made in this case for a stay of proceedings until the costs of two prior suits are paid as per motion in writing on file. On this, August 22, 1898, it is considered and adjudged by the court, that the motion is granted as to the case No. 1203 of J. F. Pritchett, et al. v. Henry Smith, et al., in which present plaintiff was made party defendant. The plaintiff is allowed until the next term of this court to comply with this order, and plaintiff excepts." On the 14th of February, 1899, the court ordered: "The plaintiffs having failed to comply with the order made at the last term, this cause stands dismissed."

The writ prayed for, it seems to us, must be denied. Conceding for the present, that plaintiff was guilty of a

contempt in not paying the costs of said former eject-
ment suit, the application is for *mandamus* to the judge
of the court below, "commanding him [employing the
language of the petition] to grant the motion herein re-
ferred to and set out in full, and set aside the judgment
of said court denying and refusing the same," etc.

The motion referred to, after reciting that plaintiff is
in contempt of the court in not having paid the costs of
said former ejectment suits, was that plaintiff should not
be permitted to prosecute the last action in ejectment
or further maintain the same. The petition is, not to re-
quire the court to hear and decide the motion, for it had
already done that, and had entered up judgment deny-
ing the same, but it was to instruct the court how it
should act, and to enter up a particular judgment. Now,
as has been well said, "*Mandamus* may issue from this
court, in a proper case, to compel an inferior court to
hear and decide a controversy of which it has jurisdic-
tion, but it is not a proper function of the writ to direct
what particular judgment the inferior court shall render
in a pending case, much less to compel such court to re-
trace its steps, and on the ground of error, reverse its de-
cision already rendered."—*Ex parte Hayes,* 92 Ala. 120;
*Ex parte Reed,* 73 Ala. 548; *State v. Williams,* 69 Ala.
312.

Again, the whole theory of this proceeding, as shown
in brief of petitioner's counsel, is that the plaintiff in the
present ejectment suit, was in contempt of court for not
having paid the costs in said former suit, and should not,
on that account, be allowed to prosecute her present suit.
But, we fail to see that the plaintiff was in contempt of
the court, for the failure to pay said costs. The order of
the court in reference to the costs, was in no sense a de-
cree or judgment that the plaintiff should pay the costs,
or be in contempt for the failure to do so. We cannot
conceive that the court would have made an order, as to
the payment of costs, that plaintiff would be guilty of a
contempt if she did not comply with it. The order that
was made, was no more than a direction that plaintiff
should pay the costs by the next term of the court, or
incur the penalty of having her cause dismissed. It was

one with which she might comply or not, as she chose, without any contempt to the court, if she failed. If she did fail there was a penalty attached, which the court, on the trial, might or might not, in its discretion impose. She did fail to pay, and was subjected to the penalty of having her case dismissed, and that was the end of the matter. She was liable to no penalty, as for a contempt of the court, for a failure to pay the costs.

*Mandamus* denied.

## *Petition for Mandamus.*

