# Johnson *et al.* v. Amberson.

*Bill in Equity to declare and enforce a Trust in Stock.*

1. *Trust in personal property can be established by parol.*—A trust in personal property may be declared and proved by parol.

2. *Bill to declare and enforce trust in stock; admissibility of evidence.*—On a bill filed for the purpose of having declared and enforced a trust in the capital stock of a bank, which stock was issued in the name of a certain person as trustee, omitting the name of the beneficiary, the declarations of said trustee at the time he subscribed and paid for the stock and subsequent declarations by him while in the possession of the stock, that he had subscribed and paid for the stock for his son, who was the complainant in the present case, are admissible to show the creation of a trust in the stock.

3. *Trust in stock of corporation; when purchaser charged with notice.*—Where stock is issued to a certain person whose name is inserted in the face of the certificate, and immediately after his name there is written the word "trustee," such description of the person to whom the stock is issued indicates a trustee ownership and serves as notice to the purchaser of stock that his vendor is selling trust property, and such pur-

[Johnson *et al.* v. Amberson.]

chaser can not, therefore, claim to be a *bona fide* purchaser without notice.

4. *Declaration of trust; can be enforced in equity.*—Where a person subscribes for stock in a corporation and receives the certificate therefor in his name as trustee, with the intention to hold the stock in trust for the benefit of his son, and this intention is then and subsequently expressed, there is created a trust in favor of such son which can be enforced in equity.

5. *Res adjudicata; suit at law and suit at equity.*—A suit at law, where only the legal title is involved, can not be *res adjudicata* as to a subsequent suit brought in reference to the same subject matter, seeking to establish a trust therein.

6. *Stay of proceedings; when rule does not apply.*—Where one action is at law and the other is in equity, the rule to stay proceedings in a later suit until the costs oɪ a former suit are paid, does not apply.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellee, Ernest Amberson, against the appellants, T. L. Johnson and the Queen City Bank of Gadsden, and had for its purpose having declared a trust estate in certain shares of the capital stock of the Queen City Bank in favor of the complainant and to have the same enforced. It was averred in the bill that in 1891 the Queen City Bank, a banking institution, incorporated under the laws of Alabama, and located at Gadsden, Alabama, issued to "T. H. Amberson, trustee," a certificate of a certain number of shares of stock in said bank; that some time after the issuance of said certificate, Amberson endorsed the same on the back thereof as trustee, the endorsement being as follows: "T. H. Amberson, trustee." That the certificate issued on September 23, 1891, was issued in lieu of a certificate formerly issued on January 18, 1890; the first certificate having become worn and delapitated and that the said first certificate was issued to "T. H. Amberson, trustee," and was in all respects the same as the last certificate, with the exception of the date and the number of the certificate. It was then averred in the bill that the said T. H. Amberson was the father of the complainant and was now dead; that said T. H. Amberson

declared orally to various persons and at divers times and places, while having possession of the said certificate dated September 23, 1891, that he held the same for the benefit of the complainant; that the complainant was a deaf and mute person and had been such all of his life, and was, at the time of the issuance of said certificate, a minor under 21 years of age, and resided with his father from the time of his birth to the time of his father's death in July, 1895; that the complainant was and is the beneficiary in each of said certificates and that his father, said T. H. Amberson, had each of said certificates issued to himself as trustee for the benefit of complainant. It was then averred in the bill that the respondent, T. L. Johnson had, by some means, obtained possession of said certificate issued on September 23, 1891, from T. H. Amberson during his life time and now claimed said certificate as his own, and demands that the Queen City Bank transfer the same to him on its books and pay to him the accrued dividends on same. It was then averred that said T. L. Johnson had instituted a suit against the bank to recover $350 accrued dividends on said certificate prior to March 21, 1898; that in said suit the bank deposited the money in court, and the complainant intervened and claimed said money; that Johnson recovered a judgment therefor and the money was paid to him; that subsequent to that time other dividends had accrued on said certificate, which dividends belonged to the complainant, but said bank declines to pay said dividends to complainant and further declines to transfer to him said certificate on its book on account of the contention of said Johnson.

The prayer of the bill was that upon the final hearing the court should declare that the complainant was entitled to said certificate issued on September 23, 1891; that the bank should be compelled to transfer the same to complainant upon its books and to issue to him the certificate therefor, and to pay to the complainant the accrued dividends on said certificate, and that the said T. L. Johnson be perpetually enjoined from claiming said certificate and from taking any steps at law or at equity to compel said bank to transfer to him said certi-

ticate or to collect any of the accrued dividends there-under. There was also a prayer for general relief.

The defendant Johnson demurred to the bill upon the grounds that there was a misjoinder of parties respondent; that it was shown by the bill that the question of contention was *res adjudicata;* that the bill seeks to create a trust estate by parol, and that the bill fails to show that the complainant had any interest or estate in said certificate. The respondent Johnson also moved to stay the proceedings in the cause, upon the ground that in the suit heretofore brought by said Johnson to recover dividends, which suit involved the title to the bank stock now in controversy, but complainant was made a party defendant by his own act, and that in said suit judgment was recovered by the plaintiff therein, who was a respondent, against the complainant in the present suit, and that the complainant was taxed with the costs which he had failed to pay, and, therefore, the proceedings in this case should be staid, until the complainant had paid said costs. The respondent also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers and the motions, the chancellor rendered a decree overruling each of them. The respondent Johnson then filed an answer to the bill in which he averred that the certificate of stock described in the bill of complaint had been duly and regularly transferred to him by said T. H. Amberson; that at the time of such transfer he did not know that the complainant had any interest in said certificate or that said Amberson had purchased the same as trustee for the complainant; that said Amberson told him that the certificate was issued to him as trustee for his own benefit, and that said Amberson paid for the stock with his own money. The respondent further averred that he had purchased said certificate of stock by giving the said Amberson credit on an account which Amberson owed the respondent; that in giving this credit he allowed him the market price and fair valuation of said stock; that after the said Amberson told the respondent that the certificate of stock was issued for his own benefit he assigned the same by endorsing it "T. H.

Amberson, trustee," and that the acceptance of said certificate of stock by the respondent was a *bona fide* transaction in allowing T. H. Amberson a credit on the account which was due from said Amberson to the respondent.

The Queen City Bank as respondent answered the bill and disclaimed any interest in the matter of controversy, except that the stock be transferred to its rightful owner.

There was testimony introduced by the complainant which tended to show that at various times and on many occasions the said Amberson stated to different parties that he had purchased the stock in controversy for his son Ernest, who was the complainant in the present bill. There was also evidence introduced for the complainant that at the time of the purchase and issuance of said stock the said Amberson stated that he was purchasing it for the benefit of the complainant and for that reason had it issued to him as trustee.

The respondent reserved separate exceptions to each portion of the testimony so introduced. The evidence for the defendant T. L. Johnson tended to prove the averments set forth in his answer.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for and ordered accordingly. From this decree the respondents appeal, and assign as error the interlocutory and final decree.

GEORGE D. MOTLEY, for appellant.—Trusts in personal property may be declared and proved by parol. 27 Amer. & Eng. Encyc. of Law, 54 and note; *Shaw v. Spencer,* 100 Mass. 382.

The statements of the party in the possession are not evidence against the purchaser from him, unless some notice of the facts is brought to the knowledge of the purchaser.—*Humes v. O'Brien,* 74 Ala. 64.

The declaration of the grantor that he holds the property in trust, is not sufficient to show a trust estate. "The declarations of persons in possession of property, whether real or personal, serving to characterize or limit

[Johnson *et al.* v. Amberson.]

the nature of the possession, are admissible in evidence as a part of the *res gestae.*"—9 Amer. & Eng. Encyc. of Law, (2d ed.) 12 and note; *Wheeler v. Glasgow,* 97 Ala. 700.

AIKEN & MARTIN, *contra.*—A second suit without payment of costs of the first will be stayed on motion and notice until costs are paid; and, if there is great delay in paying them, the court may order payment within a prescribed time, or in default thereof the second bill stands dismissed.—*Brown v. Brown,* 81 Aia. 508.

The rule is not confined to cases where the second action is brought in the same court in which the first one was brought, but extends to all courts within the jurisdiction.—23 Am. & Eng. Encyc. Law, 527, 528; *Southern Ry Co. v. Raney,* 117 Ala. 270.

DOWDELL, J.—It seems to be well adjudicated, that a trust in personal property may be declared and proven by parol.—See 27 Am. & Eng. Encyc. Law, (1st ed.) p. 54, where authorities are cited in note. We do not understand that the appellants controvert this proposition. The declaration of T. H. Amberson at the time he paid and subscribed for the stock in the defendant bank were admissible in evidence to show the creation of the trust in the stock, and for whom the trust was created; the certificate having been issued to "T. H. Amberson, trustee," omitting the name of the beneficiary. So, too, were his subsequent declarations while in the possession of the stock, to the effect, that he had subscribed and paid for the stock for his minor son, Ernest, and that it belonged to his said son, etc.—9 Am. & Eng. Ency. Law (2d ed.) p. 12 and note; *Wheeler v. Glasgow,* 97 Ala. 700; *Gillespie, Admr. v. Burleson,* 28 Ala. 551.

The word "trustee" written in the face of the certificate after the name of the person to whom such certificate was issued, was sufficient to put a purchaser of the stock on notice as to how the stock was held. In Cook on Stock and Stockholders and Corp. Law, (2d ed.) § 325, p. 359, the rule is stated as follows: "A vendee or pledgee of stock, directly from a trustee, is or is not

protected in his interest in the stock, according as he is or is not chargeable with notice of the fact that the stock belongs to a trust estate. Anything that is suffi-·cient to put a party on inquiry is considered equivalent to actual notice, if inquiry be not made and reasonably satisfied. The law imputes to a purchaser the knowledge of a fact of which the exercise of common prudence and ordinary diligence would have apprised him. This is called constructive notice, and has· the same effect as an actual notice of the trusteeship. The most common instance of a constructive notice that stock being sold belongs to a trust estate is where the words 'trustee' or 'in trust,' either with or without the name of the *cestui que trust*, are written on the certificate of stock after the name of the person in whose name it stands on the corporate books. It is well established that such words, indicating a trustee ownership, are notice to the purchaser that his vendor is selling trust property and that he must ascertain whether the trustee has any power to sell the stock."—*Wolffe v. State,* 79 Ala. 201; *Sayre v. Weil,* 94 Ala. 466; *Shaw v. Spencer,* 100 Mass. 382; 1 Am. Rep. 115; 97 Am. Dec. 107, (see also, note to the last citation); *Hall & Farley v. Henderson,* 126 Ala. 486.

The payment of the money by T. H. Amberson, and taking the stock in his name as trustee, was a complete declaration of the trust in favor of the complainant, Ernest Amberson, and which a court of equity will enforce.—*Minor v. Rogers,* 16 Am. Rep. 69; *Walker, Guardian v. Crews,* 73 Ala. 412; *Sayre v. Weil, supra; Shaw v. Spencer, supra; Gerrish v. N. B. Ins. for Saving,* 35 Am. Rep. 365; *Martin v. Funk,* 31 Am. Rep. 446; *Railroad v. Durant,* 94 U. S. 576.

It is admitted by the defendant Johnson, appellant here, that he received the stock from T. H. Amberson to be applied as a credit on a pre-existing indebtedness from said Amberson to him, Johnson. This was clearly a misappropriation by Amberson of the trust property, and Johnson cannot under the circumstances be considered a *bona fide* purchaser for value without notice. *Shaw v. Spencer, supra.*

[Scarbrough *et al.* v. Watson.]

There is nothing in the contention that there has been a former adjudication of the subject matter of this suit. The former suit was one at law where only the legal title was involved, and we said in effect in that case, that the complainant here, would have to resort to a court of equity for the enforcement of whatever equity he might have in the stock.—*Amberson v. Johnson,* 127 Ala. 490.

Where one action is legal and the other equitable, the rule to stay proceedings in the latter until the costs in the former are paid, will not be applied.—23 Am. & Eng. Encyc. Law, (1st ed.) p. 528. The court properly denied this motion.

We find no error in the decree, and the decree will, therefore, be affirmed.