[Rosenheim & Sons, et al. v. Lacy.]

# Rosenheim & Sons,. *et al. v.* Lacy.

*Bill to Set Aside Sale of Partnership Property, and to Subject to Claim of Creditors.*

(Decided June 2, 1910.    52 South. 833.)

*Costs; Payment as to Condition to Bringing Other Suits.*—Where a trustee in bankruptcy files his bill to set aside the sale of certain property of the partnership of which the bankrupt is a member, and to subject the property to the claim of the creditors of the partnership and the bill is dismissed on the grounds that the trustee could not maintain it, the creditors are not, as a condition precedent to bringing suit for the same relief compelled to pay the costs of the suit filed by the trustee in bankruptcy, and adjudged against such trustee, as sections 2490 and 3667, Code 1907, has no application to such case and creditors are in no event liable.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Rosenheim & Sons and others against Ollie Lacy and others to set aside the sale of partnership property and subject the property to the satisfaction of the partnership creditors. From a decree dismissing the bill on account of the failure of the complainant to pay the costs adjudged against the trustee in bankruptcy in a similar suit, complainants appeal. Reversed and remanded.

C. L. ODELL, for appellant. The court erred in the decree rendered.—*Ex parte Matthews,* 40 So. 78; *Johnson v. Anderson,* 140 Ala. 342.

PINKNEY SCOTT, for appellee. Sections 2490 and 3657, Code 1907, have the effect to make the applicants liable for the payment of the costs in the other suit.—*Ex parte Bromberg,* 121 Ala. 362; *Hamilton v. Maxwell,* 119 Ala. 25.

MAYFIELD, J.—There was a partnership in Jefferson county, the firm name of which was Lacey & Massey, composed of Steve Lacey and George Massey. Lacey was adjudicated a bankrupt, and A. S. Cowan was appointed receiver of the bankrupt's estate. He, as such receiver, filed a bill to set aside certain sales of the partnership property and to subject the property to the claims of the partnership creditors. It was ruled by this court, on appeal in that case (162 Ala. 546, 50 South. 281), that he could not maintain such bill, and it was dismissed without prejudice. The creditors then filed this bill, seeking the same relief which was sought in the other suit. The chancellor, on motion of respondents, ordered the complainants to pay the costs of the first suit by the assignee before allowing them to proceed with this suit. The respondents failed or declined to pay such costs within the time specified in the order of the chancellor, and the chancellor subsequently, to wit, on the 20th day of November, 1909, rendered a decree dismissing complainant's bill for the failure to comply with such previous order of the court; and it is from this decree that complainants appeal.

Though the assignee in the first suit sought to subject the identical property, the subject of this suit, to the claims of the creditors of the partnership, who are the complainants in this suit, yet these complainants were not liable for the costs of the original suit, and are not now liable therefor. It would, indeed, be strange if they could be made to pay costs for which they were never liable as a condition precedent of asserting their rights in a court of equity. While they might have been beneficiaries of the proceeds of the first suit, had it succeeded, yet they did not institute that suit. Indeed, they could not have prevented the suit, nor have controlled the assignee in the matter. He, as assignee, was prima-

rily liable for the costs of the first suit, and he, individually, was secondarily liable; but in no event could these complainants have been made liable for such costs. Consequently the chancellor erred in requiring them to pay such costs as a condition precedent to prosecuting this their own suit, and also in dismissing their bill upon their failure and refusal to comply with such order.

Sections 2490 and 3667 of the Code of 1907, as to nominal and real parties, do not apply.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.