(95 South. 49)

### Ex parte STATE ex rel. MOBILE & N. R. CO. (1 Div. 247.)

(Supreme Court of Alabama. Nov. 30, 1922. Rehearing Denied Jan. 18, 1923.)

**1. Contempt ⬅═20—Costs ⬅═278—Defendant not entitled to dismissal on ground failure to pay costs of prior suit placed plaintiff in contempt.**

A plaintiff, whose prior suit in ejectment had been dismissed because he had not paid the costs of a previous equity suit taxed against him, was not thereby placed in contempt of court so as to require dismissal of a subsequent suit at law, but the only penalty imposed upon him was the dismissal of the suit.

**2. Costs ⬅═277(1), 278—Defendant in ejectment is entitled to stay until costs of former suit at law are paid, or to a dismissal.**

A defendant is entitled to a stay of a suit in ejectment until the payment of the costs of a previous action of ejectment, or is entitled to a dismissal for failure of the plaintiff to pay the costs of the previous action.

**3. Costs ⬅═277(6)—Ejectment suit not stayed for failure to pay costs in previous suit in equity.**

Defendant in an ejectment suit is not entitled to a stay until the payment of the costs of a previous chancery case.

**4. Ejectment ⬅═31—Erroneous dismissal of prior ejectment suit held not conclusive against subsequent suit.**

An erroneous judgment dismissing an ejectment suit because plaintiff had not paid the costs of a previous equitable suit, though conclusive in that suit after plaintiff's failure to appeal therefrom, was not conclusive against plaintiff's right to maintain a subsequent ejectment suit after paying the costs of the prior ejectment suit without paying the costs of the equitable suit.

Original petition of the State of Alabama, on the relation of the Mobile & Northern Railroad Company, for mandamus to Hon. Claude A. Grayson, Judge of the Circuit Court of Mobile County. Writ denied.

The petition recites, in substance, that Sarah Sutton sued the relator in ejectment in the circuit court. Defendant filed its motion to dismiss the suit on the ground that theretofore a complaint was filed in the same court, by the same plaintiff, against the same defendant, seeking to recover the same land; that defendant filed a motion to stay said suit on the ground that the costs had not been paid in a suit in equity in which plaintiff in ejectment was the complainant and defendant's corporate predecessor was respondent; that said motion was granted, and, upon failure of plaintiff (complainant) to pay the cost of the equity suit, said suit in ejectment was dismissed. The petition further shows that the costs of the suit in equity have not been paid. The circuit judge overruled the motion, and defendant there (relator here) brings its petition for the writ of mandamus.

Rich & Hamilton, of Mobile, for petitioner.

To constitute res judicata, the merits must be determined; yet a prior judgment on some preliminary or technical matter is conclusive as to the particular ground on which the judgment of dismissal is made. 81 Ala. 149, 1 South. 259; 72 Ala. 368; 23 Cyc. 1230; 119 Ga. 76, 46 S. E. 76, 100 Am. St. Rep. 159. The facts existing at the time of the prior dismissal are presumed to continue unchanged, unless the contrary is shown. Had the cause dismissed been sought to be reinstated, it must have been shown that the costs were paid. Indirection cannot be used to accomplish the end, where direction to the same substantial end is forbidden. 152 Ala. 655, 44 South. 839; 88 Ala. 264, 6 South. 837; 193 Ala. 391, 69 South. 480, Ann. Cas. 1917A, 576; 158 Ala. 306, 47 South. 1028; 168 Ala. 207, 53 South. 174; 99 Ala. 479, 13 South. 43; 28 Tex. Civ. App. 427, 67 S. W. 427; 68 Ala. 322.

Jesse F. Hogan, of Mobile, for respondent.

At common law a judgment in ejectment is not conclusive on the question of title. An indefinite number of actions in ejectment may be brought to recover the same land, regardless of the result of the previous action. 129 Ala. 577, 29 South. 985; 19 C. J. 1072; 23 Cyc. 1326; 140 Ala. 193, 37 South. 232. But see Code 1907, § 3858. The motion of petitioner was properly denied, for at most petitioner was only entitled to an order staying the action until costs in the former suit were paid under penalty of dismissal; but the pending action should not be stayed for payment of costs in the chancery suit. 120 Ala. 117, 23 South. 733; 140 Ala. 342, 37 South. 273.

ANDERSON, C. J. [1] The motion in the court below, as well as the prayer in the present petition, seeks a dismissal of the last action of ejectment because the plaintiff was in effect in contempt of court for noncompliance with the order of the circuit court in a former action of ejectment between the same parties or their privies and does not seek a stay of the present action until the payment of the cost in the former or a dismissal upon a failure to pay said cost. It seems to be the petitioner's contention and theory that the order of dismissal of the former action of ejectment because of the nonpayment of the cost in a former chancery case, whether correctly made or not, no appeal having been taken, is conclusive against the plaintiff's right to maintain the present action of ejectment. This contention is not sound, as the plaintiff is not in contempt, and the former judgment of dismissal merely ended the pend-

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing cause, and the plaintiff suffered the only penalty thereby provided—the dismissal of her suit for a failure to pay the cost of the chancery case—and which cannot be visited upon her in the present case or affect her right to maintain same except perhaps as to the payment of the cost of the former action of ejectment as a condition to proceed upon a proper motion of the defendant. Ex parte Colley, 140 Ala. 193, 37 South. 232.

[2-4] For the reasons above pointed out the mandamus must be denied, but, as a guide upon the future progress of this cause, it is sufficient to suggest that the defendant is entitled to a stay of the suit until the payment of the cost of the previous action of ejectment or a dismissal for a failure of the plaintiff to do so. Ex parte Shear, 92 Ala. 596, 8 South. 792, 11 L. R. A. 620. The defendant, however, is not entitled to a stay of the present action until the payment of the cost of the chancery case, as the rule has no application where one action was equitable and the other one legal. Johnson v. Amberson, 140 Ala. 342, 37 South. 273. True, the trial court erroneously applied this rule in dismissing the former action of ejectment and which was conclusive, no appeal having been taken, but only upon the parties as to the pending action and not upon the plaintiff's right to bring the present action, which was in no wise dealt with or attempted to be prohibited in the former order or judgment. Ex parte Colley, 140 Ala. 193, 37 South. 232.

Mandamus denied.

SAYRE, GARDNER, and MILLER, JJ., concur.