## DUNN v. HARRIS et al.   (6 Div. 576.)

(Supreme Court of Alabama.   Jan. 14, 1926.)

1. **Appeal and error ⬡⮫78(4)—Judgment or order of dismissal of action, based upon rule requiring payment of costs in prior suit, is final and reviewable by appeal.**

A judgment or order of dismissal, based upon trial court's erroneous application of the rule . for requirement of payment of costs in prior suit, is final, and may be reviewed by appeal.

⬡⮫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 213 Ala. 122.

**2. Costs** ⬤⟶277(7)—**Allegations of motion, with respect to failure to pay costs in prior suit, held sufficient to invoke court's action.**

Allegations of motion to stay action of cause until payment of costs in certain cause *held* sufficient to invoke court's action.

**3. Costs** ⬤⟶278—**Decree of dismissal for failure to pay costs in prior suit held appropriate way of enforcing obedience to former order.**

Decree of dismissal for failure to pay costs in prior suit *held* appropriate way of enforcing obedience to former order, directing plaintiff to pay costs of prior suit, notwithstanding defendant's motion was for an order to stay action in the cause until payment of the costs ordered to be paid.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Henry Dunn against R. E. Harris and Lizzie Harris. From a decree dismissing the cause for failure to pay costs of former suit, complainant appeals. Affirmed.

W. E. Perry, of Birmingham, for appellant.

Where dismissal of the cause is not prayed, the court cannot of its own motion dismiss for failure to pay costs. Carothers v. Callahan, 207 Ala. 611, 93 So. 569; Street v. Griffin, 201 Ala. 397, 78 So. 965. A reference to register should have been made to determine whether the two causes were the same. Morgan v. Gaiter, 202 Ala. 492, 80 So. 876. The interlocutory decree was not one from which complainant could appeal. Sumner v. Hill, 157 Ala. 230, 47 So. 565. An appeal lies from the decree of dismissal. Ex parte State ex rel. Gulf, M. & N. R. Co., 208 Ala. 654, 95 So. 49; Rosenheim v. Lacy, 167 Ala. 585, 52 So. 833.

J. F. Webb and R. C. Redus, both of Birmingham, for appellees.

The court will stay proceedings in a second suit between the same parties or privies for the same cause of action until the costs in the first have been paid. Code 1923, § 7222; 15 C. J. 744.

THOMAS, J. The appeal is from decree dismissing suit for failure to pay costs in prior suit.

[1] If a trial court erroneously applies the rule for requirement of the payment of costs in prior suit, the judgment or order of dismissal is final and may be reviewed by appeal. De Graffenried v. Breitling, 192 Ala.

254, 68 So. 265; Rosenheim & Sons v. Lacy, 167 Ala. 585, 52 So. 833; Ex parte State ex rel. Gulf, Mobile & N. R. Co., 208 Ala. 654, 95 So. 49.

[2] The allegations of the motion are specific and sufficient to invoke the court to action, viz.:

" * * * move the court to enter an order staying all action in this cause until the costs shall have been paid in the cause of Sarah J. Chism et al. v. R. E. Harris et al., No. 11076, in the circuit court of Jefferson county, Alabama, in equity.

"That said suit No. 11076 is the same cause of action as this suit of Harry Dunn v. R. E. Harris and Lizzie Harris. That the party plaintiff in the first cause of action has transferred said property to plaintiff in this cause of action, according to the allegations in the bill, and the two suits are practically the same cause of action between the same parties, and the said cause of Sarah J. Chism et al. v. R. E. Harris et al. was pending in this court when this present suit was filed."

[3] The two causes were in equity before the same court and judge, and there is not shown to have been a necessity for a reference to ascertain the necessary facts upon which the rule may operate. The decree declared of fact that:

"It appearing to the court that the cause of action and the parties in the first cause of Sarah J. Chism et al. v. R. E. Harris et al. are the same as in this cause of Henry Dunn v. R. E. Harris and Lizzie Harris, that the same land is involved in both suits, and that the plaintiffs in the first cause of action transferred their interest in and to said property to the complainant in the last or present cause of action, it is therefore ordered that complainant in this cause shall pay the costs of said suit, Sarah J. Chism et al. v. R. E. Harris et al.,"

—and the party was given 30 days in which to comply; failing therein, the decree of dismissal was entered on a later date by the same judge "in equity sitting." It was an appropriate way of enforcing obedience to the former order, notwithstanding the motion was for "an order staying all action in this cause until the costs shall have been paid in" the cause recited.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes