480 P.2d 129

Opal C. WELLS, personally, and as guardian for the estates of Patricia Ann Hill, et al., her children, minors, Plaintiff and Respondent,

v.

William MARCUS and Audrey Y. Marcus, Defendants and Appellants.

No. 11939.

Supreme Court of Utah.

Jan. 20, 1971.

Bean, Bean & Smedley, Stanley M. Smedley, Layton, for appellants.

Skeen & Skeen, E. J. Skeen, Salt Lake City, for respondent.

CROCKETT, Justice.

This suit arose from a controversy between the parties over the use of culinary water from a common source known as Corbett Creek in Davis County. It appears that in about 1950 the plaintiff's pater familias, John Hill (now deceased), and the defendant, William Marcus, worked together in constructing a pipeline to convey the water from Corbett Creek in a common pipe to a point of division, and thence in separate pipes to their respective residences. Plaintiff contends that this was a project of John Hill and that Mr. Marcus was simply his employee; whereas, defendants say that it was done under permission given by John Hill to William Marcus to construct the pipeline for their mutual benefit which was accomplished and that there is thus established an easement over the Hill property. Plaintiff's evidence is that after the death of John Hill in 1961, Mr. Marcus became very possessive about the pipeline and their property; that he excavated it with heavy machinery; proceeded to install a plastic pipeline to his home; to claim and take substantially all of the water from Corbett Creek; and to exercise dominion over plaintiff's land, even though he had never

been granted by the plaintiff any permission, license or easement for its use.

The trial court decreed that two-thirds of the water of Corbett Creek belonged to the plaintiff. Defendants make no attack upon that portion of the decree. In their brief as to "The Relief Sought on Appeal" they state that they:

seek reversal of judgment as it pertains to a restraining order prohibiting said defendants from exercising a right of easement across the land of plaintiffs-respondents to remove one-third of the water of Corbett Creek, or, that failing, a new trial.

The right sought by the defendants to maintain a pipeline across the plaintiff's land would be an easement, and thus an interest in land.[1] It being without dispute that there has been no written conveyance, the defendants' claim would normally be defeated by the Statute of Frauds.[2] Defendants concede the validity of those propositions of law generally, but seek refuge in exceptions wherein courts have held that easements may come into being and be enforced where there has been an oral or implied agreement which has been relied upon and acted upon in performance there-

of so that the elements of estoppel are made out. They cite and rely on that doctrine as stated in 1 Thompson, Real Property, Sec. 356 (Perm.Ed.1939):

Under the equitable doctrine of part performance, a verbal agreement for an easement has been enforced by some courts. This doctrine applies to all cases in which a court of equity would entertain a suit for specific performance if the alleged contract had been in writing. * * * If expenditures be made in permanent improvements inuring to the benefit of a licensor under an express oral license given by him, then such license becomes irrevocable, and, if it relates to the use or occupation of real estate, it becomes an easement.[3]

We have no disagreement with the foregoing statement of law as it might be applied under proper circumstances. But the difficulty with the position essayed by the defendants here is that they have not established the foundation prerequisite to the avoidance of the Statute of Frauds even under the just-quoted text statement. There would have to be findings that there

1. That an easement is an interest in land within the meaning of the Statute of Frauds, see 37 C.J.S., § 70, p. 578.

2. Sec. 25-5-1, U.C.A.1953.

3. They also cite: Rose v. Peters, 59 Cal. App.2d 833, 139 P.2d 983 (1943); Paden

City v. Felton, 136 W.Va. 127, 66 S.E. 2d 280 (1951); Wagner v. Fairlamb, 151 Colo. 481, 379 P.2d 165; Cooke v. Ramponi, 38 Cal.2d 282, 239 P.2d 638; 1 Minor on Real Property, Second Edition, Sec. 104.

was such an agreement; and that there had been part or full performance in reliance thereon. On these matters the evidence is in dispute, and the trial court found against the defendants' contentions. Under the traditional rules of review:[4] that where there is conflict in the evidence we accept it in accordance with the findings of the trial court; and if when so viewed, there is any substantial basis in the evidence to support the trial court's findings they will not be disturbed, the defendants' contention fails.

Affirmed. Costs to plaintiff (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

4. Christensen v. Christensen, 9 Utah 2d 292, 339 P.2d 101.