James W. SMITH and Imogene Smith, Plaintiffs-Appellees,

v.

Thomas ADKISON and Ionia Adkison, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

July 1, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

C. D. Berry, Berry & Oglesby, Franklin, for plaintiffs-appellees.

Vance Cramb, Jr., Nashville, for defendants-appellants.

## OPINION

LEWIS, Judge.

Plaintiffs filed their original complaint against a tenant of the present defendants and alleged that the tenant was allowing his cattle to come upon plaintiffs' property and create a nuisance on the property. By amendment, plaintiffs added the present defendants and, *inter alia*, they alleged that the roadway between the property of plaintiffs and defendants was owned by them and had been dedicated by them for public use.

Defendants answered and counterclaimed, denying that the road was public or that plaintiffs owned it, asserting that it was privately owned by defendants and, further, that plaintiffs' only interest in the road was an easement of necessity which should be extinguished because plaintiffs had acquired other land giving them access to the same main road reached by the disputed roadway.

Plaintiffs then took a voluntary nonsuit as to the tenant.

After a trial, the Chancellor determined that the road meandered back and forth over the existing property line of the parties but that the intention of the parties' predecessors in title had been to place the road entirely upon the land which presently belongs to defendants. The Chancellor, on the basis of adverse possession, modified the boundary line, awarded defendants all land eastward to the edge of the road and awarded plaintiffs all land lying east of the edge of the road. The Chancellor further, on the basis of the parties' deeds, awarded plaintiffs and their successors in title a permanent easement in the road and permanently enjoined defendants from any interference therewith. Because the only persons claiming use of the road were the litigants and because the County Highway Department was not a party to the suit, the Chancellor declined to rule on the question of whether the road was or was not a public road.

Defendants/appellants allege error in (1) the modification of the boundary line on the basis of adverse possession, (2) the granting to plaintiffs of a perpetual easement, and (3) the failure to declare the road a private road owned by defendants.

Plaintiffs/appellees contend (1) that the Trial Court was in error in its modification of the boundary line, (2) that if the road is in fact the private property of defendants, plaintiffs should have a perpetual easement

therein, and (3) that the road should be declared a public road.

The parties, therefore, agree on the essential issues that are on appeal.

■ We first discuss the modification of the boundary. The Chancellor modified the boundary line on the theory of adverse possession. Judge Felts in *Nashville Trust Co. v. Evans*, 30 Tenn.App. 415, 206 S.W.2d 911 (1947), set out the elements that must be satisfied before adverse possession may be claimed. Basically, such use must be continuous, adverse, open, notorious, exclusive, and with claim of right for the full prescriptive period. Permissive use will negative the claim. *See also Sequatchie Valley Coal & Iron Co. v. Coppinger*, 95 Tenn. 526, 32 S.W. 465 (1895).

■ In the case at bar the evidence is that neither party held adversely to the other and that both used the road with mutual permission until after the commencement of the instant suit when the County ceased to work the road on the advise of the County attorney.

The elements of adverse possession were not shown at trial. The Chancellor's adjustments in the boundary line based on adverse possession were in error.

■ We next discuss the Chancellor's awarding of a perpetual easement to plaintiffs. Defendants seek extinguishment of the easement on the ground that it is an easement by implication or way of necessity which is no longer necessary. The basis for the Chancellor's award of the easement was his interpretation of the deeds of the parties. The rule that the easement ceases with the necessity has no application to such an express easement. 28 C.J.S. *Easements* § 54 (1941).

Our review of the deeds and the record reveals that plaintiffs' deed grants them not an easement, but full possession of the roadway as they maintained at trial.

The two parcels of land now owned by these parties and divided by the contested roadway were originally owned by one J. E. Lampley. In 1938 or 1940, by deeds which were never recorded, Lampley divided this land and conveyed the part now east of the road to his son Sewell and the part west of the road to his son Winford. Subsequently, Sewell sold his land to one Benton Sullivan, plaintiffs' predecessor in title. Since Sewell had never recorded the deed from his father, the conveyance to Sullivan was executed by J. E. Lampley. The deed contains the following language:

Benton Sullivan and wife Mazel, are to have a road 16 feet wide beginning near the spring, small hickory corner, Hickory and Sycamore pointers, running N. 26° E. to Amos McCord's corner; thence N. 3° E. with said McCord's line to the pike.

The deed from Sullivan to plaintiffs contained the following language:

There is also conveyed the road sixteen feet wide beginning near the spring, small hickory corner, hickory and sycamore pointers, running N. 26 deg. E. to Amos McCord's corner; thence N. 3 deg. E. with said McCord's line to the pike.

Winford Lampley, who owned the land now possessed by defendants, received it from his father by an unrecorded deed in about 1940 and subsequently conveyed it to his uncle H. J. Lampley. Like the conveyance from Sewell, this one was actually executed by the father, J. E. Lampley. The deed to H. J. Lampley contains the following language:

Sewell Lampley is to have a road 16 feet wide, beginning near the Spring Hickory Corner, Hickory & Sycamore pointers, running N. 26 degrees to Amos McCord's corner then N. 3 degrees E. with Amos McCord's E. boundary line 111 p. to the pine wood road.

The deed from H. J. Lampley to defendants contains identical language.

Despite the fact that both Sewell and Winford Lampley and their brother, Omer, testified at trial that the road lay on Winford's property, now owned by defendants Adkison, the deeds clearly state that the road was on Sewell's property, now owned by plaintiffs Smith. The deeds grant an easement to no one. We express no opinion on what other types of easements, if any, exist as that question is not before us.

We next discuss the Chancellor's failure to rule on whether the road is public or private. Defendants seek to have this Court declare the road to be private. Plaintiffs seek to have it declared public. Although arguably the Chancellor found, in his modification of the boundary line, the road to be private by necessary implication, the fact remains that in his final decree the Chancellor expressly refused to rule on this issue. Because of this explicit reservation and because, in any event, the Chancellor's modification of the boundary line must be reversed, there is no final judgment before this Court on the issue of whether the road is public or is not public. We accordingly remand to the Chancellor for a determination of whether the road is public or not public, including the taking of additional evidence if necessary. It is not necessary that parties other than the litigants assert claims to the use of the road or that the County be joined as a party. If, on remand, the Chancellor determines that the road is not a public road, then all lands east of the westernmost edge of the road as described in the deeds will be awarded to plaintiffs and all land west of that will be awarded to defendants.

The judgment of the Chancellor in modifying the boundary line and awarding a perpetual easement is reversed. This cause is remanded to the Chancery Court for further proceedings not inconsistent with this opinion. Costs of this appeal are taxed equally to the parties.

CANTRELL and CONNER, JJ., concur.