This is an appeal from a judgment of the Circuit Court of Baldwin County in favor of the defendant Frances Povia, in plaintiff's suit for trespass. The suit arose from a controversy between the parties concerning the use of a private road.
The plaintiff and defendant live on contiguous lots with a single road providing ingress and egress for both homes. The plaintiff has lived on her lot since 1959. In 1965, Mr. Cleek, the plaintiff's late husband, and Mr. Malone, the defendant's predecessor in title, agreed to build a road along the boundary of the two lots. The road had to be built through a swamp and, whether intentionally or inadvertently, was placed almost wholly on the Cleek property. Approximately 90% of the road, including the outlet to U.S. Hwy. 98, is on the Cleek property. The cost of the road was split equally between Mr. Malone and Mr. Cleek.
The defendant, a niece of the plaintiff, acquired her lot after a series of transfers. Except for a short period during 1983, the road has been continuously used by the Cleeks and Malone's successors since 1965. The plaintiff filed suit for damages in a trespass action 19 years and 9 months after the construction of the road. The circuit court found for the defendant and entered an order granting cross-easements to both parties. The trial court found that the roadway was built for the mutual benefit of the two parcels. The court also found that there was an agreement as to the use between the original owners. The implication is that an easement by contract was created.
There is conflicting authority concerning the creation of an easement in Alabama. Traditionally, easements could be created only by deed, by prescription, or by adverse use for a statutory period. City of Montgomery v. Maull, 344 So.2d 492
(Ala. 1977); Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771
(1967); Kratchoville v. Cloverleaf Plaza, Inc., 276 Ala. 562,165 So.2d 112 (1964). Necessity has also been recognized as a valid basis for the creation of an easement. Bull v. Salsman,435 So.2d 27 (Ala. 1983), Burrow v. Miller, 340 So.2d 779 (Ala. 1976).
This Court, while not expressly overruling precedent, outlined several additional means of establishing an easement in Helms v. Tullis, 398 So.2d 253 (Ala. 1981). Six ways of creation were outlined in Helms: (1) By express conveyance, (2) by reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, and (7) by reference to boundaries or maps. See R. Powell, Powell on RealProperty, §§ 407-413 (Abr. ed. 1968).
Prior to Helms, cases factually similar to the one here were treated in two different ways, depending upon the circumstances. In Bazzell v. Cain, 285 Ala. 661, 235 So.2d 805
(1970), this Court ruled on the narrow grounds of adverse possession. In Camp v. Milam, 291 Ala. 12, 277 So.2d 95 (1973), the recreational use of a lake was viewed as an irrevocable license.[1] Both of these decisions were rendered prior to Helmsv. Tullis, supra, and its recognition of an easement by contract.
Due to the lack of precedent in Alabama concerning contract easements, we must look for such precedent elsewhere.Powell on Real Property states:
 "Equitable relief has been extended not only to contracts containing a promise to transfer an easement in the future, but also to contracts found to manifest a present intent to create an easement. The most usual of these cases concerns 'reciprocal easements' where adjacent landowners contract (sometimes orally) *Page 1248 
for the use of a common stairway, common driveway, or other common areas. Even a receipt evidencing the payment of money for a right of way can constitute [evidence of] the required contract."
3 R. Powell, Powell on Real Property, § 408 (1985). Many jurisdictions have followed Powell in the creation of easements by contract.
The Texas Court of Civil Appeals, in effect, found such an easement in a case factually similar to the one at bar. Union Properties Co. v. Klein, 333 S.W.2d 864
(Tex.Civ.App. 1960). In that case, an agreement was reached between adjoining landowners to share the cost of repaving an alley on the boundary between their properties. The repaving was done with the specified sharing of costs. A writing evidencing the intent of the parties was in existence and, although by itself it was incomplete to establish a contract, the Court held that an easement had been created.
The theory of easement by contract is similar to the theory of easement by estoppel. This Court has recognized easements by estoppel. See Consolidated Foods Corp.v. Water Works Sanitary Sewer Board, 294 Ala. 518,319 So.2d 261 (1975). The instant case differs fromConsolidated Foods Corp. in two respects: this case concerns the status of the defendant as a successor in interest, and involves the Statute of Frauds.
Easements, by their very nature, are tied to the land. Other jurisdictions, in applying the law concerning easements by contract, have found that such easements are alienable. Rosenbloom v. Grossman,351 S.W.2d 735 (Mo. 1961). In Rosenbloom, the Missouri Supreme Court stated, "We perceive no reason why as between the parties there may not be an agreement or contract to grant an easement appurtenant to property . . . which, as between the parties and their privies with notice, is enforceable." The trial court found that there was a clear intent to burden the property and to extend the burden to successors in interest. The open and obvious nature of the easement is sufficient to put any successors in interest on notice.
The oral nature of the contract presents a problem concerning the Statute of Frauds. However, some states that recognize easements by contract and estoppel have created an exception to the Statute of Frauds and have allowed the creation of easements by oral contract where the contract has been relied upon and acted upon. Freightways Terminal Co. v. Industrial Com. Const., Inc., 381 P.2d 977 (Alaska 1963); Wells v. Marcus,25 Utah 2d 242, 480 P.2d 129 (1971); Cooke v. Ramponi,38 Cal.2d 282, 239 P.2d 638 (1952). Powell on Real Property, supra, also recognizes oral contracts in the creation of an easement. In Alabama an oral agreement involving real property will be enforced where the purchase price or a portion thereof is paid and the buyer is put in possession of the land. Code 1975, § 8-9-2(5); Darby v. Johnson, 477 So.2d 322 (Ala. 1985). Under the facts of this case, we find sufficient compliance with these "partial performance" requirements to make this oral agreement enforceable.
The evidence supports the judgment of the trial court finding cross-easements; therefore, the judgment is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
[1] We note, upon a careful review of Camp, that a contract theory was not expressly argued or addressed in that case.