The issue presented here is whether the trial court erred in granting the owners of a tract of land an easement over an adjacent tract. Our resolution of the issue requires an examination of the law of Alabama relating to easements by necessity and easements by implication.
The plaintiff initially sued to enjoin the defendants from using a driveway across the plaintiffs' property. The defendants counterclaimed for a declaration that they had a right to use the driveway for ingress to and egress from their property. The parties stipulated the facts of the case, and the trial judge viewed the property before entering his final order.[1] In his order, the trial judge made written findings of fact, and stated that he had "taken careful note of the opinion in Cleek v. Povia, 515 So.2d 1246 (Ala. 1987)" (a case dealing with an easement by implication). He found that because a creek extended east across the defendants' property, access from the defendants' house to the adjacent public road *Page 621 
was "extremely difficult." Noting that "the defendants ha[d] used [the] private driveway since 1978 as the sole means of access to . . . their property," he granted an easement to the defendants.
Cora Lee Vance, mother of the plaintiffs, upon the death of her husband on March 26, 1969, was granted a life estate in his property, and upon her death, the remainder was to go to his children and their heirs.
In 1978, Cora Lee Vance orally gave to Ethel Crawford and her successors, Terry and Joy Anne Crawford, permission to construct and use a driveway across the southeastern part of Cora Lee Vance's property. In consideration for this right to use the driveway, the Crawfords cut firewood for Cora Lee Vance out of the trees cleared for the driveway.
In September 1984, almost a year after Cora Lee Vance's death, one of the remaindermen, Martha Audie Vance, wrote the Crawfords and asked that they discontinue use of the driveway. In September 1990, the Crawfords were once again told to discontinue using the easement. Shortly thereafter, the remaindermen sued the Crawfords, alleging trespass. The Crawfords answered, alleging that they had a contract with Cora Lee Vance for permanent use of the driveway. They also claimed that to build a driveway directly off the public road and onto their property would be expensive. The Crawfords counterclaimed for a judgment declaring that they had the right to use the driveway.
The trial judge based his judgment upon the parties' stipulations and a visit to the property:
 "From the stipulations of the parties, the Court finds that the defendants have used said private driveway since 1978 as the sole means of access to . . . their property. The Court has also taken careful note of the opinion in Cleek v. Povia, 515 So.2d 1246 (Ala. 1987), as to the various ways to create an easement."
There is a presumption of correctness of a trial court's findings of fact based on ore tenus evidence, and in property disputes this presumption is enhanced when the trial court personally views the property in dispute, Howell v. Bradford,570 So.2d 643 (Ala. 1990), but the evidence in this case was not presented ore tenus and the trial judge set out in his judgment many of the facts he found based on his personal view of the property. Consequently, we will not accord the usual presumption of correctness to the trial court's findings, because the basic and controlling facts are not disputed.
From a reading of the judgment, it is apparent to us that the trial judge granted the easement because he found that a creek running eastward across the defendants' property made any access from their dwelling house directly south to the public road "extremely difficult because of the depth and width of the creek bed." It seems apparent that the trial judge granted the easement to the defendants on the ground of "necessity."
In Bull v. Salsman, 435 So.2d 27 (Ala. 1983), this Court set out the law relating to easements of necessity:
 "A common law way of necessity is a type of easement by implication and 'rests on the implication that the parties intended and agreed to provide for such a way.' Sayre v. Dickerson, 278 Ala. 477, 491, 179 So.2d 57 (1965). For such an implication to arise, there must have been an original grantor who impliedly granted an easement across his remaining lands to the purchaser of the landlocked parcel. Therefore it has been stated that '[o]riginal unity of ownership of the dominant and servient tenements is always required for an easement of necessity.' Helms v. Tullis, 398 So.2d 253, 255 (Ala. 1981); see also, Burrow v. Miller, 340 So.2d 779 (Ala. 1976); Sayre v. Dickerson, supra; Hamby v. Stepleton, 221 Ala. 536, 130 So. 76 (1930).
 "This requirement of original unity of ownership is somewhat qualified, however, by the provisions of Code 1975, §§ 18-3-1 through 18-3-3, which allow the owner of a tract of land not within a municipality to acquire a right of way if *Page 622 
his land is not adjacent to any public road. The procedure in such actions is the same as in cases of condemnation of lands for public uses, § 18-3-3, and the applicant must pay the owner for the value of the land taken, § 18-3-2. See Cotton v. May, 293 Ala. 212, 301 So.2d 168 (1974); Romano v. Thrower, 261 Ala. 361, 74 So.2d 235 (1954)."
435 So.2d at 29.
We hold here, as we did in Bull v. Salsman, that the trial court could not grant an easement by necessity, because there is no proof in the record of unity of ownership of the two parcels. Furthermore, in this case the defendants' property is adjacent, on the south side, to a public road. See § 18-3-1, Ala. Code 1975.
The trial judge noted in his judgment that he was familiar with the various ways an easement could be established, as set out in Cleek v. Povia, 515 So.2d 1246 (Ala. 1987).[2] The defendants argue that Cleek is controlling; they argue that the facts of Cleek are very similar to those of the present case and that the trial judge granted the easement based on theCleek decision. In Cleek, the plaintiff, Mrs. Cleek, and the defendant, Francis Povia, lived on contiguous lots with a private drive that provided ingress and egress for both homes. The two original landowners, Mr. Cleek, the plaintiff's late husband, and Mr. Malone, the defendant's predecessor in title, split the cost of the drive, but most of it was built on Mr. Cleek's lot. Nineteen years after the drive was built, Mrs. Cleek sued Povia for damages based on an alleged trespass.
This Court held that there was "the implication" that "an easement by contract had been created," because the drive was constructed for the mutual benefit of the two parcels and because there was an agreement between the original owners as to the use. Because there was no precedent in Alabama concerning contract easements, this Court looked to R. Powell,Powell on Real Property, § 408 (Abr. ed. 1968), for guidance and adopted the following statement as authority:
 " 'Equitable relief has been extended not only to contracts containing a promise to transfer an easement in the future, but also to contracts found to manifest a present intent to create an easement. The most usual of these cases concerns 'reciprocal easements' where adjacent landowners contract (sometimes orally) for the use of a common stairway, common driveway, or other common areas. Even a receipt evidencing the payment of money for a right of way can constitute [evidence of] the required contract.' "
Cleek, 515 So.2d at 1247-48.
In Alabama, oral contracts concerning land are enforced "where the purchase price or a portion thereof is paid and the buyer is put in possession of the land." Id., citing the Statute of Frauds, Ala. Code 1975, § 8-9-2(5). This Court held in Cleek that "under the facts of [that] case" there was sufficient compliance with the "partial performance" requirements of § 8-9-2(5) to make an oral agreement enforceable. Id.
Although the Cleek case and the present case are factually similar in that they both involve adjacent tracts of land and both involve an oral contract, they are dissimilar in several respects. The drive in the Cleek case was built for the "mutual benefit" of both landowners and was paid for by both landowners. Furthermore, the oral contract granting an easement was made by landowners who held a fee simple interest in the land and not merely a life estate. *Page 623 
In this case, however, there was no mutual benefit to the properties and the easement was made solely for the benefit of the Crawfords' property. Furthermore, Cora Lee Vance was only a life tenant on the property and any contract she made concerning the land was enforceable only during her life. SeeDuncan v. Johnson, 338 So.2d 1243 (Ala. 1976); Pendley v.Madison, 83 Ala. 484, 3 So. 618 (1887); Pope v. Pickett,65 Ala. 487 (1880). Therefore, any oral contract for an easement terminated on her death.
Based on the foregoing, we hold that the Crawfords did not prove that they were entitled to an easement by necessity either at common law or by statute. Furthermore, any contract the life tenant might have made with the Crawfords would not be binding after her death. We, therefore, must reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] The trial judge's final order reads:
 "This cause was submitted on the pleadings of the parties and on stipulations provided to the Court under an agreement of the parties entered on May 9, 1991, after an extended conference with the attorneys. In addition, the Court viewed the property with the attorneys for the parties on July 2, 1991, and carefully reviewed the pleadings, stipulations, and facts disclosed by the view of the premises. On the visit to the property, the Court was shown that a paved public road extends along the South boundary of the defendants' property and the South boundary of the plaintiffs' property. From a point approximately 290 feet West of the Southeast corner of the plaintiffs' property, there is a rough single lane driveway extending North and then East to a point on the East line of the plaintiffs' property at a point approximately 125 feet North of the Southeast corner. From that point, the driveway extends East and then North to the dwelling house of the defendants. The small parcel of property of the plaintiffs which lies South and East of said driveway is covered with trees and underbrush and is traversed by a creek. This creek extends East across the defendants' property and makes any access from the defendants' dwelling house directly South to the public road extremely difficult because of the depth and width of the creek bed.
 "From the stipulations of the parties, the Court finds that the defendants have used said private driveway since 1978 as the sole means of access to . . . their property. The Court has also taken careful note of the opinion in Cleek v. Povia, 515 So.2d 1246 (Ala. 1987), as to the various ways to create an easement.
 "It is, therefore, ORDERED AND ADJUDGED by the Court that the relief requested in the complaint filed by the plaintiffs be and the same is hereby denied.
 "It is further ORDERED AND ADJUDGED by the Court that the defendants be and they are hereby granted an easement over and across the Southwest [Southeast?] portion of the Southwest Quarter of the Southwest Quarter of Section 27, Township 9 South, Range 5 West. Said easement shall be 15 feet in width and extend from a point on the South line of said forty (located in the paved public road), being approximately 290 feet West of the Southeast corner of said forty; thence generally North and thence East along the existing driveway to a point on the East boundary of said forty, said point being approximately 125 feet North of the Southeast corner of said forty.
 "It appears to the Court that said driveway provides the sole means of access to . . . the property of the defendants, which is described as the West Half of the Southeast quarter of the Southwest Quarter of Section 27, Township 9 South, Range 5 West. A copy of a portion of an aerial photograph is attached to and made a part of this judgment as an aid to the understanding of the provisions herein.
"Costs herein are taxed to the plaintiffs.
"ENTERED this 16th day of August, 1991.
"s/Jack C. Riley, Circuit Judge"
[2] In Cleek, this Court recognized that there were several ways of creating an easement:
 "Traditionally, easements could be created only by deed, by prescription, or by adverse use for a statutory period. Necessity has also been recognized as a valid basis for the creation of an easement.
 "This Court, while not expressly overruling precedent, outlined several additional means of establishing an easement in Helms v. Tullis, 398 So.2d 253 (Ala. 1981). [Seven] ways of creation were outlined in Helms: (1) By express conveyance, (2) by reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, and (7) by reference to boundaries or maps."
515 So.2d at 1247 (citations omitted).