INGRAM, Justice.
The defendants appeal from a summary judgment in favor of the plaintiffs, Robert G. Champion, Emma Jo Champion, and Olivia Louise Houlditch (hereinafter referred to collectively as the “Champions”) on their suit alleging trespass. The parties are the owners of adjoining land, and the controversy concerns the construction of a fence. The trial court found that the fence was improperly erected, because, it held, a contract easement had been created, and that the defendants, Billy Saucer and Susan James (husband and wife), had had sufficient notice of the easement.
The undisputed facts are as follows: In 1949, Mr. Champion’s father and the coterminous landowner, James Hall, agreed to jointly construct, maintain, and use a driveway. The driveway was constructed along the boundary line between the lots and provided ingress to and egress from their property. For the next 19 to 20 years, the Halls and the Champions lived on the property and shared the driveway without any dispute. The Hall property was eventually sold to Ted Spears. At the time of the *951 sale, Hall explained to Spears the nature of his agreement with the Champion family regarding the road’s serving as the boundary between the properties. Hall further informed Spears that the road was a common road to be used jointly by the property owners on both sides. There was no dispute concerning the road while Spears owned the property.
In 1975, Spears sold the property to a Mr. Conner. Mr. Conner was aware that the road served as the boundary line between the properties, and was aware that the road was to be used jointly by the adjoining landowners. In 1987, Mr. Conner sold the property (formerly the Hall property) to the defendants, Mr. Saucer and Ms. James.
When Mr. Saucer and Ms. James moved onto the property, the driveway that was constructed in 1949 was regularly being used by the tenant[1] who lived in a house at the rear of the Champions’ property, as well as by Mr. Saucer and Ms. James.
Sometime in the summer of 1990, Mr. Saucer and Ms. James constructed a chain link fence that completely encompassed the common road, thereby preventing its use. As a result, the Champions filed a claim alleging trespass to real property against Mr. Saucer and Ms. James, and they also sought a mandatory injunction ordering the defendants to remove the fence they had installed.
As noted above, the trial court entered a summary judgment in favor of the Champions. Specifically, it found that, based on the undisputed facts, the Champions’ and Mr. Saucer and Ms. James’s predecessors in title (Mr. Champion’s father and Mr. Hall) had established an easement by contract, and that the erection of the fence constituted a trespass on the land and unlawfully interfered with the use of the driveway. Further, the trial court enjoined the continued trespass and unlawful interference.
As the trial court correctly noted, this case is controlled by Cleek v. Povia, 515 So.2d 1246 (Ala.1987). The facts in Cleek are very similar to those in the present case. There, the plaintiff and the defendant lived on contiguous lots, with a single road providing ingress and egress for both homes. The plaintiff’s late husband and the defendant’s predecessor in title had agreed to build a road along the boundary of the two lots. The cost of the road was shared equally. Except for a short time, the road had been used continuously by the parties and/or their predecessors in title. The trial court held that there were “cross-easements” to both parties.
In Cleek, this Court pointed out that there was conflicting authority concerning the creation of an easement in Alabama. However, after a review of the law in other jurisdictions, the Cleek Court held that an easement can be created by contract and that such easements are alienable. In affirming the judgment of the trial court, the Cleek Court stated that “there was a clear intent to burden the property and to extend the burden to successors in interest.” 515 So.2d at 1248. Further, the Cleek Court held that “[t]he open and obvious nature of the easement is sufficient to put any successors in interest on notice.” 515 So.2d at 1248.
The Cleek Court also addressed the Statute of Frauds and the problem of the oral nature of the contract. That Court noted that some states have created an exception to the Statute of Frauds and have allowed the creation of easements by oral contract where the contract has been relied upon and acted upon. The Cleek Court held that, under the facts in that case, there was sufficient compliance with the “partial performance” requirements so that the oral agreement was enforceable.
The only issue properly before the Court in the present case is whether we should overrule existing case law as it concerns the establishment of an easement by contract. Specifically, Mr. Saucer and Ms. James contend that, due to public policy, the case of Cleek v. Povia should be overruled. We disagree.
*952 We have reviewed Cleek and can find no compelling reason to reverse what this Court pronounced was the law less than five years ago. It seems appropriate here to draw from the language of a prior decision of this Court: “We are mindful that ‘Consistency of decision and adherence to precedent have always been the guiding light of a property] functioning judiciary.’ ” Osborn v. Riley, 331 So.2d 268, 275 (Ala.1976), quoting United States Steel Corp. v. Goodwin, 267 Ala. 612, 613, 104 So.2d 333, 334 (1958).
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. There is a house at the rear of the Champions’ property that was rented to Connie Chestnut when Mr. Saucer and Ms. James purchased the former Hall property.