IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2008 Session

ERVIN D. SMITH, ET AL. v. PAUL EVANS, ET AL.

Appeal from the Chancery Court for Montgomery County
No. MC-CH-CV-MG-07-1     Laurence M. McMillan, Jr., Judge

No. M2007-02855-COA-R3-CV - Filed August 27, 2008

Owners of property brought suit to terminate an ingress/egress easement across their land, contending that the necessity for the easement no longer existed.  Following a trial, the Chancery Court ruled against the owners, finding that since the easement was reserved in a recorded plat, it was not an easement by necessity; consequently, the easement was not destroyed upon the sale of the dominant estate.  On appeal, the owners maintain that the easement was destroyed at the end of the necessity.  Finding the easement to be express, we affirm the decision of the Chancery Court. Finding the appeal not to be frivolous, no attorney's fees are awarded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellants, Ervin D. Smith and Donna Smith.

Joe Weyant, Clarksville, Tennessee, for the Appellees, Paul Evans and Danielle Evans.

**OPINION**

Prior to 1992, the Donald C. Cook Construction Co., Inc. owned a large plot of land located in Montgomery County.  In December 1992, Donald Cook, as president of the company, received approval of a plat which divided up part of the property into tracts varying from 1.5 to 2.19 acres, all fronting on the east and west sides of Sawmill Road; the lots were made available for sale.  Mr. Cook retained ownership of a 14.2 acre tract of land immediately behind the lots which fronted on the west side of Sawmill Road (the "Cook Property").  To ensure access to the Cook Property, he

reserved a 20 foot ingress/egress easement over lot 5 of the subdivision; this easement was included in the recorded plat and allows access to Sawmill Road.[1]

In May 1994, Ervin and Donna Smith ("the Smiths") purchased lot 5. At the time of the purchase, they were aware of the easement even though it was not mentioned in their deed. In addition, their deed expressly provided that the conveyance was subject to the "terms, matters and conditions" as shown on the recorded subdivision plat. Paul and Danielle Evans ("the Evanses") owned property which adjoined the western side of the Cook Property and which fronted on Chester Harris Road; their homeplace was located on this property. The Cook Property lay between the Smiths' property and the Evanses' property. In October 2000 the Evanses purchased the Cook Property; as a result of their purchase, access from the Cook Property to Chester Harris Road was now available across the Evanses' homeplace lot.

In February 2007, the Smiths filed suit in Chancery Court for Montgomery County seeking to terminate the easement over their property, asserting it was an easement by necessity which was extinguished when the Evanses purchased the Cook Property. The Evanses contended that the easement was express in the plat and thus was not terminated by the end of the necessity. Following a trial, the Chancery Court found that the easement continued to exist. This appeal followed.

## STANDARD OF REVIEW

Both parties agree as to the facts of this case; consequently, the appeal concerns a question of law. The standard of review on appeal of a question of law is "*de novo* without a presumption of correctness afforded to the lower court's conclusions of law." *Blair v. Brownson*, 197 S.W.3d 681, 683 (Tenn. 2006); *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 826 (Tenn. 2003).

## ANALYSIS

### I. The Nature of the Easement

An easement is "an interest in property that confers on its holder a legally enforceable right to use another's property for a specific purpose." *Hall v. Pippin*, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998); *see also Fowler v. Wilbanks*, 48 S.W.3d 738, 740 (Tenn. Ct. App. 2000); *Pevear v. Hunt*, 924 S.W.2d 114, 115 (Tenn. Ct. App. 1996). Such an interest in land can be created in a number of ways; the methods applicable to the present case are (1) by express grant, (2) by implication, and (3) by reservation. *Pevear*, 924 S.W.2d, at 115.

---

[1] Without reserving the easement, the 14.2 acre parcel would have been landlocked from public access roads by the tracts created in the plat to the east and by pre-existing tracts of land to the west (none of which were owned by Mr. Cook). The parties agree that, at the time the plat was created, the easement was necessary to ensure access between the Cook Property and Sawmill Road.

An express easement is a grant of an interest in land which must comply with the requirements of the statute of frauds at Tenn. Code Ann. § 29-2-101. *Cellco P'ship v. Shelby County*, 172 S.W.3d 574, 593 (Tenn. Ct. App. 2005); *Mitchell v. Chance*, 149 S.W.3d 40, 47 (Tenn. Ct. App. 2004); *Nunnelly v. Southern Iron Co.*, 29 S.W. 361, 365-66 (Tenn. 1895). "To create an easement by express grant, there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a license." 25 Am. Jur. 2d *Easements and Licenses* § 15 (2008); *Adcock v. Witcher*, 1995 WL 675852 at *2 (Tenn. Ct. App. Nov. 15, 1995). "The scope of such an easement is set forth in express terms, either in the granting documents or as matter of incorporation and legal construction of terms of relevant documents..." 25 Am. Jur. 2d *Easements and Licenses* § 15. An easement reserved in a recorded plat is sufficient to constitute an express easement. *Moore v. Queener*, 464 S.W.2d 296, 302 (Tenn. Ct. App. 1970); *see also Jacoway v. Palmer*, 753 S.W.2d 675 (Tenn. Ct. App. 1987); *Smith v. Black*, 547 S.W.2d 947 (Tenn. Ct. App. 1976).

An easement by implication is an easement that will "arise upon severance of a single piece of land into separately owned parts as an inference of an intention of the parties to the conveyance." *Cellco P'ship*, 172 S.W.3d at 588-89 (citing *Barrett v. Hill*, 1999 WL 802642 *2 (Tenn. Ct. App. Oct 7, 1999)); *see also LaRue v. Greene County Bank*, 166 S.W.2d 1044, 1048 (Tenn. 1942). "A common law way of necessity is a type of easement by implication and 'rests on the implication that the parties intended and agreed to provide for such a way.'" *Cellco P'ship*, 172 S.W.3d at 591 (citing *Gowan v. Crawford*, 599 So.2d 619, 621 (Ala. 1992)) (emphasis added). The implied easement arises "where it is of such necessity that we may presume it was within the contemplation of the parties to the conveyance." *Fowler*, 48 S.W.3d at 740; *The Pointe, LLC v. Lake Mgmt Ass'n, Inc.*, 50 S.W.3d 471, 478 (Tenn. Ct. App. 2000). To create an easement by necessity, a party must show that:

> (1) the titles to the two tracts in question must have been held by one person; (2) the unity of title must have been severed by a conveyance of one of the tracts; (3) the easement must be necessary in order for the owner of the dominant tenement to use his land with the necessity existing both at the time of the severance of title and the time of exercise of the easement.

*Cellco P'Ship*, 172 S.W.3d at 592 (citing *Powell v. Miller*, 785 S.W.2d 37, 39 (Ark. 1990)).

An easement by reservation is "in behalf of the grantor [of] a new right issuing out of the thing granted, and an easement appurtenant to the grantor's remaining land may be created by reservation." 25 Am. Jur. 2d. *Easements and Licenses* § 16 (2008). Even though an easement by reservation is a separate type of easement, it can still be sub-categorized as being either express or implied. *Id.*; *LaRue*, 166 S.W.2d at 1048-49; *Johnson v. Headrick*, 237 S.W.2d 567, 569-70 (Tenn. Ct. App. 1949). An implied easement by reservation is created over one parcel of subdivided land "where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate..." *Johnson*, 237 S.W.2d

at 569-70 (citing 17 Am. Jur. *Easements* pp. 945, 946). Thus, an implied easement by reservation requires no writing; just a servitude which is apparent in light of the existing circumstances. *LaRue*, 166 S.W.2d at 1049. An express easement by reservation "arises when a property owner conveys part of his or her property to another, but *includes language in the conveyance* reserving the right to use some part of the transferred land as a right-of-way." 25 Am. Jur. 2d. *Easements and Licenses* § 16 (2008) (emphasis added). Any reservation of an easement "is equivalent, for the purpose of creation of the easement, to an express grant of the easement by the grantee of the lands." *Id.*

When an easement can be either express or implied, a court should find the easement to be express. "Easements by implications...are exceptions to the general rule that easements must be created by either an express grant or by prescription." *Cellco P'ship*, *supra* at 589 (citing *Barrett*, 1999 WL 802642 at *2); *see also Cole v. Dych*, 535 S.W.2d 315, 318 (Tenn. 1976). The court in *Cellco P'ship* held that, where a deed did not expressly grant an easement, the Court must resort to alternative theories to determine "whether an easement was nevertheless created." *Id.* at 588. The alternative theories referred to were easements by implication. *Id.* Thus, a court should consider an easement by implication only if it has determined that there is no express easement.

The Smiths argue that the substance of the easement should win out over its form and, as it was born of necessity, the fact that it was reserved in a recorded plat does not make it an express easement. While they are correct that the intent of the parties is relevant in determining whether an easement by implication arose, *see Cellco P'ship*, 172 S.W.3d at 588-89, an express easement will be found if its creation is in the proper form; the intent behind the creation is not a determining factor. *See Moore v. Queener, supra.*

The Chancellor found that Mr. Cook's intent in creating the easement was to connect the landlocked 14.2 acre tract to Sawmill Road and that the easement over lot 5 was reserved by recording it in the original plat. Because Mr. Cook, as grantor, retained an interest over the land that he granted (lot 5), an easement arose by reservation. Furthermore, Mr. Cook expressly reserved the easement when he included it in the subdivision drawing and language of the recorded plat. All the requirements of an express easement were met.

## II. The Termination of the Easement

We must next determine whether the easement was destroyed when the Evanses bought the Cook Property or in any other fashion. There are a number of ways to end an express easement; however, there is no evidence that any action was taken to terminate the easement in this case.

The Smiths contend that an express easement created out of a necessity should terminate at the elimination of such necessity, i.e., when the Evanses bought the Cook Property, thereby ending the necessity for access to Sawmill Road. This is contrary to the law of Tennessee. In *Smith v. Adkinson*, 622 S.W.2d 545 (Tenn. Ct. App. 1981), the plaintiffs sought to enforce their rights to use a road between their property and property of the defendants. The defendants claimed that, at most, plaintiffs had an easement of necessity; they sought to have the easement extinguished because

plaintiffs had acquired other property giving them access to the same road at issue. On appeal, this court cited with approval "the rule that the easement ceases with the necessity has no application to...an express easement." *Id.* at 547 (citing 28 C.J.S. Easements § 54 (1941)). This is the same situation as in the present case.

> An easement by express grant can be extinguished:
>
> by an act of the dominant owner, either by release or abandonment, by act of the servient owner by prescription or conveyance to a bona fide purchaser without notice, by the conduct of both parties, such as by merger or estoppel, or by eminent domain, mortgage, foreclosure, or tax sale.

25 Am. Jur. 2d *Easements and Licenses* § 95. An easement "created by reference to a filed map can be extinguished only by the united action of all lot owners for whose benefit the easement is created..." 28A C.J.S. *Easements* § 140 (2008). No such measures were taken in this case; indeed, the deed conveying the Cook Property to the Evanses includes the following language: "Included in the herein conveyance is a 20 foot easement for purpose of ingress and egress over the southern most portion of Lot 5...from the easterly boundary of the herein described tract to the westerly margin of the right-of-way of Sawmill Road, so-called." The easement was not terminated when the Evanses bought the Cook Property.

## III. Attorneys Fees For The Appeal

The Evanses ask this Court to award attorney's fees based upon what they contend to be a frivolous appeal. We do not find the appeal to be frivolous and, consequently, deny the request.

> The remedy for a frivolous appeal is provided in Tenn. Code Ann. § 27-1-122, which states:
>
> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgement and expenses incurred by the appellee as a result of the appeal.

This statute "must be interpreted and applied strictly so as not to discourage legitimate appeals..." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 at 586 (Tenn. 1997). The Smiths are not asking for any fundamental changes to existing law; rather, they seek a different interpretation or application of the law of easements. Simply because this Court agrees with the lower court's decision does not make the appeal frivolous.

**CONCLUSION**

For the reasons set forth above, the decision of the Chancery Court finding of an express easement is AFFIRMED.  Costs are assessed against the Smiths, for which execution may issue if necessary.

 

 

_____
RICHARD H. DINKINS, JUDGE