IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2010 Session

# W.T. WALKER ET AL. V. CSX TRANSPORTATION, INC.

**Appeal from the Chancery Court for Marshall County**
**No. 02-12683     J.B. Cox, Chancellor**

**No. M2010-00932-COA-R3-CV - Filed February 16, 2011**

The Walkers, the appellants, sued the appellee railroad seeking a declaration that an easement already existed over the railroad tracks so that appellants could have access to a public road without contracting for an easement from the railroad. The jury found that the easement contract was not valid and that the appellants had an easement by necessity and implication. The trial court granted the railroad a judgment notwithstanding the verdict on the existence of the easement. The Walkers appealed. We reverse the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellants, W.T. Walker and Patsy B. Walker.

Jonathan Cole and Sonya R. Smith, for the appellee, CSX Transportation, Inc.

## OPINION

This case concerns whether an easement by necessity or implication exists across the railroad at the eastern edge of the Walker property. A jury said yes; the trial judge said no.

In order to fully understand the legal situation, a bit more explanation of the location of the properties in question and their history is necessary. Trial Exhibit 1 labels the property retained by the Akin family as Tract 5. This property fronts the Nashville Highway on its eastern side and is bounded by the CSX Railroad tracks on its western side. Across the tracks from the Akins' property is found the Walkers' property, labeled Tract 4. Other properties exist to the west of Tract 4. Similarly, other properties lie to the north of Tracts

4 and 5 before one gets to Blackwell Road, and other properties lie to the south of Tracts 4 and 5 before one gets to Crutcher Road.

In 1911, Tracts 4 and 5 were owned by the McCords. The Lewisburg and Northern Railroad Company[1] purchased a strip of land bisecting the McCords' property. There is no dispute that the railroad purchased the strip of land in fee simple. The deed does not reserve or create any express easement across the railroad's strip of land.

In 1922, the Crutchers bought the McCords' property. Eventually, the Crutchers acquired all the property on both the east and west sides of the railroad between Blackwell Road and Crutcher Road. In 1972, the Akins purchased Tracts 4 and 5, the old McCord property, from the Crutchers. W.T. and Patsy Walker purchased Tract 4, west of the railroad tracks, from the Akins in 1976.[2] The Akins retained their land to the east of the tracks. The Walkers conveyed their land to Jack and Beverly Barnes in 1987, and in 1993, the Barneses sold the property back to the Walkers.

When the Walkers bought Tract 4 in 1976, it was landlocked. That is, there was no access from the property to a public road. Prior to the sale, Ms. Akin tried to negotiate access to Tract 4 across a neighbor's property but could not reach an agreement. Consequently, she arranged for the Louisville and Nashville Railroad[3] to install a private crossing and granted the Walkers an easement from the crossing to and over the Akins' driveway. The Walkers were required by the railroad to sign an agreement to pay $25 a year for the crossing. The fee remained the same until 1995 when the railroad, now CSX, raised it to $200. In subsequent years the fee was raised even higher. Mr. Walker protested and finally sued CSX, claiming that the railroad had no legal basis to charge the fee and that the Walkers were entitled to free use of the crossing.

CSX filed a motion for summary judgment, which was denied, and the matter proceeded to a jury trial. CSX moved for a directed verdict at the conclusion of the Walkers' proof and at the end of CSX's proof. Both motions were denied. The jury's verdict form indicated that there was no valid contract between W.T. Walker and CSX; that the Walkers were not bound by their promise to pay by inducing CSX to build and maintain the crossing; that CSX was liable to the Walkers for $1,642, which represented the money the Walkers had

---

[1]The Lewisburg and Northern Railroad Company later sold the land to the Louisville and Nashville Railroad Company. In the 1980s, the Louisville and Nashville Railroad Company merged with the Seaboard System Railroad, which in turn merged with the Chessie System to form CSX.

[2]The Walkers did not receive a deed until 1981.

[3]*See supra* footnote 1.

paid over the years for the crossing; and that the Walkers proved there was an easement by necessity and by implication.

CSX filed a motion for judgment notwithstanding the verdict. The trial court set aside the portion of the jury's verdict that found an easement by implication or necessity. The Walkers appealed.

STANDARD OF REVIEW

A motion for a judgment notwithstanding the verdict is a motion for a directed verdict made post-trial. *Whaley v. Perkins*, 197 S.W.3d 665, 669 n.3 (Tenn. 2006).

> Directed verdicts under Tenn. R. Civ. P. 50.01 and judgments notwithstanding the verdict under Tenn. R. Civ. P. 50.02 are reviewed using the same standard of review. They are appropriate only when reasonable minds cannot differ as to the conclusion to be drawn from the evidence. A case should not be taken away from the jury, even when the facts are undisputed, if reasonable persons could draw different conclusions from the facts. A trial court may, however, direct a verdict with regard to an issue that can properly be decided as a question of law because deciding purely legal questions is the court's responsibility, not the jury's.

*Filson v. Wells Fargo Home Mortgage, Inc.*, No. M2007-01842-COA-R3-CV, 2008 WL 3914899, at *5 (Tenn. Ct. App. Aug. 25, 2008) (quoting *Jenkins v. Brown*, M2005-02022-COA-R3-CV, 2007 WL 4372166, at *5-6 (Tenn. Ct. App. Dec. 14, 2007)) (citations omitted).

Our review of the trial court's decision on a motion notwithstanding the verdict is de novo. *Biscan v. Brown*, 160 S.W.3d 462, 470 (Tenn. 2005). When evaluating motions for a directed verdict (and motions for judgment notwithstanding the verdict), the trial court and the appellate court apply the same standard. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 130 (Tenn. 2004). "[T]he trial court and appellate court are required to take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion when there is any doubt as to the conclusions to be drawn from the evidence." *Id*. at 130-31. Furthermore, the courts will not weigh the evidence or evaluate the credibility of witnesses. *Spann v. Abraham,* 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999).

ANALYSIS

The court's order on the motion for judgment notwithstanding the verdict states: "The Court must set aside the portion of the jury's verdict that ignores the termination of the easement and direct a verdict in favor of the Defendant pertaining to the existence of an easement by implication or necessity. Therefore, there is no easement in favor of Plaintiffs." The court's memorandum opinion elaborates on the chancellor's thinking:

> The Court's concern with the jury's finding is that it apparently ignores the fact that later than 1911 there was access created in [an] alternative manner. . . . When the Crutchers owned the property there was access to the property that terminated the necessity of using the crossing as originally contemplated by the actions of the parties involved in 1911. . . . [R]easonable minds could not differ as to the termination of the easement as early as the 30's and as late as 1966. . . . The easement that existed had been terminated. The court must set aside the portion of the jury's verdict that ignores the termination and direct a verdict in favor of the Defendant pertaining to the existence of an easement by implication or by necessity.

Significantly, the trial court does not say that the plaintiffs failed to establish a prima facie case. Rather, the trial court engages in a re-weighing of the evidence and emphasizes evidence that opposes the Walkers' position – two things that the courts are not permitted to do when reviewing motions for a directed verdict or motions for judgment notwithstanding the verdict. *See Mercer*, 134 S.W.3d at 130 (trial and appellate courts must "discard all countervailing evidence"[4]); *Spann,* 36 S.W.3d at 462 (courts cannot weigh the evidence).

Since our review is de novo, we must undertake our own examination, using the standard previously discussed, to determine "whether the plaintiff has presented sufficient evidence to create an issue of fact for the jury to decide." *Burton v. Warren Farmers Coop*., 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002).

---

[4]The command to "discard all countervailing evidence" is designed to "remove any conflict in the evidence." *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994). Presumably, doing so allows the court to focus solely upon the evidence provided by the plaintiff in order to determine its sufficiency.

The Walkers maintain that an easement by implication or necessity[5] was created at the time of the 1911 purchase by the railroad. This court has stated that:

> The prerequisites to the creation of an easement by necessity are: 1) the titles to the two tracts in question must have been held by one person; 2) the unity of title must have been severed by a conveyance of one of the tracts; 3) the easement must be necessary in order for the owner of the dominant tenement to use his land with the necessity existing both at the time of the severance of title and the time of exercise of the easement.

*Cellco P'ship*, 173 S.W.3d at 592.

On appeal, the railroad does not seriously contest the 1911 creation of an easement. Rather, CSX maintains that the easement ceased to exist by 1966. The original transfer from the McCords to the railroad met the requirements of an easement by necessity. There is evidence in the record to support a finding that the easement continued to exist through the years. It is true that "[a] way of necessity will not be implied where claimant has another reasonable or practicable mode of ingress and egress,"and mere convenience is not sufficient. *Id*. (quoting 28A C.J.S. *Easements* § 97 (1996)). Under Tennessee law, however, the necessity required to imply an easement is not a strict, absolute necessity, but rather a reasonable necessity for the full enjoyment of the land. *Id.* The degree of that necessity is a question of fact. *Harris v. Gray*, 188 S.W.2d 933, 935 (Tenn. Ct. App. 1945). The necessity for the easement has been shown to exist currently.

In our opinion, the Walkers "presented sufficient evidence to create an issue of fact for the jury to decide." *Burton,* 129 S.W.3d at 520. We, therefore, reverse the trial court's grant of the judgment notwithstanding the verdict and reinstate the jury's decision.

Costs of appeal are assessed against the appellee, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[5]An easement by necessity is a type of implied easement. *Newman v. Woodard*, 288 S.W.3d 862, 867 (Tenn. Ct. App. 2008). It "'rests on the implication that the parties intended and agreed to provide for such a way.'" *Cellco P'ship v. Shelby County,* 172 S.W.3d 574 , 591 (Tenn. Ct. App. 2005) (citing *Gowan v. Crawford,* 599 So. 2d 619, 621 (Ala. 1992)).